COPY

ORIGINAL FILED ADR
E-FILING

AUG 23 2007

1    LATHAM & WATKINS LLP
2       Michael W. De Vries (SBN 211001)
         mike.devries@lw.com
3       Andrew Fossum (SBN 250373)
         andrew.fossum@lw.com
4    650 Town Center Drive, 20th Floor
5    Costa Mesa, California  92626
     Telephone:  (714) 540-1235
6    Facsimile:  (714) 755-8290

7    Attorneys for Plaintiff
     SINHDARELLA, INC.
8

9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

JCS

11

12   SINHDARELLA, INC., a California    CASE NO.
     corporation,
13                                      C07  04353
14                 Plaintiff,           COMPLAINT FOR:

15         v.                           (1)  INFRINGEMENT OF A
                                             FEDERALLY REGISTERED
16   KEVIN VU, an individual, d/b/a/         TRADEMARK;
17   THE BOILING CRAB; and DOES 1
     through 10,                        (2)  TRADEMARK AND TRADE
18                                           DRESS INFRINGEMENT, AND
                   Defendants.               UNFAIR COMPETITION;
19
                                        (3)  STATE LAW UNFAIR
20                                           COMPETITION;

21                                      (4)  COMMON LAW TRADEMARK
22                                           INFRINGEMENT; AND

23                                      (5)  CONSTRUCTIVE TRUST.

24                                      [DEMAND FOR JURY TRIAL]

25

26

27

28

LATHAM&WATKINSLLP  OC\905305.1
ATTORNEYS AT LAW
ORANGE COUNTY                                          COMPLAINT

1    Plaintiff Sinhdarella, Inc. ("Sinhdarella" or "Plaintiff"), for its

2  complaint against defendant Kevin Vu d/b/a/ THE BOILING CRAB

3  ("Defendant") and Does 1 to 10, inclusive, alleges as follows:

4                              **JURISDICTION**

5    1.    The United States District Court for the Northern District of

6  California has subject matter jurisdiction over this action under 28 U.S.C. § 1331

7  (federal question jurisdiction), 28 U.S.C. § 1338(a) (jurisdiction over trademark

8  actions), 28 U.S.C. § 1338(b) (unfair competition claim joined with a substantial

9  and related claim under the trademark laws), and 15 U.S.C. § 1121(a) because this

10  action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq*. The Court also has

11  supplemental jurisdiction over the claims arising out of state law pursuant to 28

12  U.S.C. §§ 1338(b) and 1367 because the state law claims arise out of the same

13  operative facts as the federal claims. This Court has personal jurisdiction over

14  Defendant because Defendant resides in this district and jurisdiction. Personal

15  jurisdiction is also proper over Defendant because Defendant sells and offers for

16  sale goods and services, and otherwise conducts business, in California, including

17  in this judicial district.

18                              **VENUE**

19    2.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)

20  because, among other reasons, Defendant transacts business within this district and

21  offers for sale in this district goods and services in a manner that infringes

22  Sinhdarella's trademark and trade dress rights. In addition, Sinhdarella has

23  suffered harm in this district and a substantial part of the events or omissions

24  giving rise to the claims asserted herein occurred in this district.

25                       **INTRADISTRICT ASSIGNMENT**

26    3.    Because this is an "Intellectual Property Action" for purposes

27  of Local Rule 3-2(c), that rule provides that this action shall be assigned on a

28  district-wide basis.

LATHAM&WATKINS ᴸᴸᴾ   OC\905305.1
ATTORNEYS AT LAW
ORANGE COUNTY

1                                              COMPLAINT

## PARTIES

4.      Sinhdarella, Inc. is a corporation organized and existing under the laws of the State of California, with its principal headquarters located in Fountain Valley, California.  Sinhdarella operates a chain of restaurants throughout the United States under the trademark THE BOILING CRAB®, which Sinhdarella has used since at least as early as 2003, and offers restaurant services and related products and services under the trademark THE BOILING CRAB®.

5.      On information and belief, defendant Kevin Vu d/b/a/ THE BOILING CRAB is an individual who resides in San Jose, California.  Defendant recently opened and began operating a restaurant that is virtually identical in all material respects to Sinhdarella's THE BOILING CRAB® restaurants, including by virtue of Defendant's unauthorized use of Sinhdarella's THE BOILING CRAB® trademark as the name of Defendant's restaurant.  A true and correct copy of Defendant's Fictitious Business Name Statement filed with the Santa Clara County Clerk – Recorder's Office is attached hereto as Exhibit A.

6.      Plaintiff is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sues those additional defendants by such fictitious names.  Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

7.      Upon information and belief, Plaintiff alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

## FACTS COMMON TO ALL CLAIMS

### SINHDARELLA'S *THE BOILING CRAB*® CHAIN OF RESTAURANTS

8.      In 2003, Sinhdarella opened its first restaurant under the trademark THE BOILING CRAB®, in California.  A true and correct copy of a

1  picture of Sinhdarella's first THE BOILING CRAB® restaurant is attached hereto

2  as Exhibit B.

3       9.    Based on the huge popularity and success of Sinhdarella's THE

4  BOILING CRAB® restaurants, Sinhdarella has since expanded its chain of THE

5  BOILING CRAB® restaurants to include locations throughout the United States,

6  including three THE BOILING CRAB® restaurants in California and a THE

7  BOILING CRAB® restaurant in Houston, Texas.  Sinhdarella is also actively

8  exploring further expansion of its chain of THE BOILING CRAB® restaurants to

9  additional locations throughout the United States.

10       10.    Sinhdarella's THE BOILING CRAB® restaurants offer a

11  unique selection of Louisiana-style seafood, including blue crab, oysters,

12  Dungeness crab, shrimp, and crawfish seasoned with THE BOILING CRAB®

13  restaurants' distinctive blends of spices and seasonings.  Customers of THE

14  BOILING CRAB® restaurants are also treated to a singularly enjoyable dining

15  experience that is characterized by the innovative food presentations, distinctive

16  restaurant décor, unique menus, and one-of-a-kind dining experience pioneered

17  and provided by Sinhdarella's THE BOILING CRAB® restaurants.  A true and

18  correct copy of a picture of the inside of one of Sinhdarella's THE BOILING

19  CRAB® restaurants is attached hereto as Exhibit C.  Further contributing to

20  Sinhdarella's distinctive appearance and appeal, Sinhdarella's unique menus use a

21  distinctive format, contain unique content, and are distinctively printed on eye-

22  catching colored paper, such as blue, hot pink, yellow, green, or orange colored

23  paper.  A true and correct copy of THE BOILING CRAB® restaurants' unique

24  orange menu used around the time that Defendant began using Sinhdarella's THE

25  BOILING CRAB® trademark and distinctive trade dress without authorization is

26  attached hereto as Exhibit D.

27       11.    THE BOILING CRAB® chain of restaurants has become

28  extremely well known and respected among consumers, who have come to

1  associate Sinhdarella's THE BOILING CRAB® trademark with Sinhdarella's

2  THE BOILING CRAB® restaurants and the one-of-a-kind dining experience that

3  Sinhdarella pioneered and provides.  Sinhdarella's THE BOILING CRAB®

4  restaurants have also received unsolicited attention from, and positive recognition

5  by, the media, which has further contributed to consumers' widespread recognition

6  of Sinhdarella's THE BOILING CRAB® restaurants.

7         12.    Additionally, Sinhdarella has expended considerable time,

8  effort, and money promoting and advertising its chain of THE BOILING CRAB®

9  restaurants, further contributing to the recognition and success of THE BOILING

10  CRAB® chain of restaurants.  Today, Sinhdarella continues to promote and

11  advertise its THE BOILING CRAB® restaurants.  A true and correct copy of one

12  of Sinhdarella's paid advertisements for its THE BOILING CRAB® restaurants is

13  attached hereto as Exhibit E.

14         13.    Sinhdarella has also used the trademark THE BOILING

15  CRAB® extensively on the internet and, as a result, Sinhdarella's THE BOILING

16  CRAB® trademark has developed a strong internet presence and recognition by

17  consumers who use the internet.  Sinhdarella is the registrant of various domain

18  names incorporating, in whole or in part, THE BOILING CRAB® trademark,

19  including theboilingcrab.com and boilingcrab.com.  Sinhdarella owns and operates

20  a website at these domain names in order to promote, and provide consumers with

21  information concerning, Sinhdarella's nationwide chain of THE BOILING

22  CRAB® restaurants.  Sinhdarella's website makes extensive use of THE

23  BOILING CRAB® trademark and embodies part of the unique look-and-feel of

24  THE BOILING CRAB® dining experience.  A true and correct copy of the home

25  page of Sinhdarella's website at www.theboilingcrab.com is attached hereto as

26  Exhibit F.

27         14.    In addition to owning and operating a THE BOILING CRAB®

28  website at www.theboilingcrab.com, Sinhdarella also uses its trademark THE

1 │ BOILING CRAB® extensively on the internet through the popular social

2 │ networking site, myspace.com.  In particular, Sinhdarella operates a web page at

3 │ www.myspace.com/theboilingcrab in order to further promote its THE BOILING

4 │ CRAB® trademark and to provide information about and promote its chain of THE

5 │ BOILING CRAB® restaurants.  A true and correct copy of the page maintained by

6 │ Sinhdarella at www.myspace.com/theboilingcrab is attached hereto as Exhibit G.

7 │          15.    Through Sinhdarella's extensive use, marketing, branding, and

8 │ promotion of its THE BOILING CRAB® trademark and THE BOILING CRAB®

9 │ chain of restaurants, its trademark THE BOILING CRAB® is recognized by

10 │ consumers throughout the United States and around the world, enjoying substantial

11 │ recognition, goodwill, and association with THE BOILING CRAB® restaurant

12 │ chain.  The public distinguishes Sinhdarella's goods and services from those of

13 │ others who offer the same or similar goods and services on the basis of its

14 │ trademark THE BOILING CRAB®.  Sinhdarella's THE BOILING CRAB®

15 │ trademark has acquired secondary meaning throughout the United States, including

16 │ California.

17 │          **SINHDARELLA'S FEDERAL REGISTRATION OF ITS**

18 │          ***THE BOILING CRAB*® TRADEMARK**

19 │          16.    Sinhdarella is the owner of United States Trademark

20 │ Registration Number 3,256,219 for the mark THE BOILING CRAB® in

21 │ connection with restaurant services in International Class 43.  A true and correct

22 │ copy of Sinhdarella's federal trademark registration for THE BOILING CRAB®

23 │ trademark is attached hereto as Exhibit H.

24 │          17.    Sinhdarella's federal registration of its THE BOILING CRAB®

25 │ trademark constitutes *prima facie* evidence that the mark is valid and that

26 │ Sinhdarella is entitled to exclusive use of the mark THE BOILING CRAB® in

27 │ commerce throughout the United States for restaurant services and in connection

28 │ with goods and services related thereto.

## DEFENDANT'S INFRINGEMENT OF SINHDARELLA'S *THE BOILING CRAB®* TRADEMARK AND TRADE DRESS

18.    Recently, several years after Sinhdarella first began using its THE BOILING CRAB® trademark and distinctive trade dress, Defendant opened and began operating a restaurant that imitates in all material respects the name and distinctive trade dress of Sinhdarella's THE BOILING CRAB® restaurant chain. Most blatantly, in a clear effort to confuse consumers into thinking that Defendant is somehow associated or affiliated with Sinhdarella's THE BOILING CRAB® nationwide chain of restaurants, Defendant precisely imitates Sinhdarella's THE BOILING CRAB® trademark by calling Defendants' restaurant "The Boiling Crab," even though Defendant does not have any affiliation with, or authorization from, Sinhdarella.  A true and correct copy of a picture of Defendant's infringing restaurant and unauthorized use of Sinhdarella's THE BOILING CRAB® trademark is attached hereto as Exhibit I.

19.    Defendant's blatant imitation of Sinhdarella's THE BOILING CRAB® restaurants did not stop with unauthorized use of Sinhdarella's THE BOILING CRAB® trademark as the name of Defendant's restaurant.  Rather, Defendant has also blatantly copied the unique trade dress used by Sinhdarella's THE BOILING CRAB® restaurants in a further effort to confuse consumers into thinking Defendant is somehow associated or affiliated with Sinhdarella's THE BOILING CRAB® nationwide chain of restaurants.  Defendant's menu, a true and correct copy of which is attached hereto as Exhibit J, is virtually an identical copy of the menu used by Sinhdarella around the time that Defendant opened its restaurant, a true and correct copy of which is attached hereto as Exhibit D.  As can be seen by comparing Exhibit D with Exhibit J, Defendant's menu is the exact same shape (rectangular), size (4.25"x11"), and color (orange) as the menu for Sinhdarella's THE BOILING CRAB® restaurants used around the time that Defendant opened his infringing restaurant.  Additionally, Defendant's menu offers

1  the same five entrees (crab, oysters (raw), crab, crawfish, and shrimp), two of the

2  same extras in the same order (corn and sausage), and the same drinks in the same

3  order (soda, bottled water, domestic beer, and imported beer) as does Sinhdarella's

4  THE BOILING CRAB® menu.  *Compare* Exhibit D *with* Exhibit J.  In fact,

5  Defendant's imitation of Sinhdarella's THE BOILING CRAB® restaurants is so

6  complete that Defendant even copied precisely the same hours of operation as

7  those used by Sinhdarella's THE BOILING CRAB® restaurants: Mon-Fri 3:00

8  pm-10:00 pm and Sat-Sun 12:00 pm-10:00 pm!  *Compare* Exhibit D *with* Exhibit

9  J.

10         20.    As can be seen by comparing the interior of Defendant's

11  restaurant, a true and correct copy of a picture of which is attached hereto as

12  Exhibit K, with a copy of the interior of a genuine Sinhdarella THE BOILING

13  CRAB® restaurant, a true and correct copy of a picture of which is attached hereto

14  as Exhibit L, Defendant's restaurant also imitates the unique trade dress of

15  Sinhdarella's THE BOILING CRAB® restaurants.  For example, Defendant's

16  restaurant copies the overall, non-functional configuration of Sinhdarella's THE

17  BOILING CRAB® restaurants, including, but not limited to, by imitating the color

18  of the walls, the signs on the walls, the hanging of fishing nets on the walls,

19  affixing sculptures of red-colored crustaceans on the walls, the configuration of the

20  tables and chairs, Sinhdarella's menus, and the overall look-and-feel of the

21  restaurant.  *Compare* Exhibit K *with* Exhibit L.

22         21.    Sinhdarella is informed and believes, and based thereon alleges,

23  that at the time Defendant opened and began operating his restaurant under the

24  name "The Boiling Crab" and imitating Sinhdarella's distinctive THE BOILING

25  CRAB® trade dress, Defendant knew of Sinhdarella's superior rights in the

26  trademark THE BOILING CRAB® and in Sinhdarella's distinctive trade dress,

27  and knew or should have known that Defendant's unauthorized use of

28  Sinhdarella's THE BOILING CRAB® trademark and trade dress constitutes a

1  violation of Sinhdarella's rights in the trademark THE BOILING CRAB® and in

2  Sinhdarella's distinctive THE BOILING CRAB® trade dress.  Defendant's

3  infringement of Sinhdarella's trademark and trade dress rights is intentional and

4  willful.

5        22.    Defendant's use of the trademark THE BOILING CRAB® for

6  restaurant services and his willful and intentional infringement of Sinhdarella's

7  distinctive trade dress is likely to cause confusion, mistake, and deception of

8  consumers as to the source, quality, and nature of Defendant's services and goods,

9  including Defendant's services and goods offered under or in connection with the

10  trademark THE BOILING CRAB®, thereby proximately causing injury to

11  Sinhdarella and its trademark rights.

12        23.    Not surprisingly, Defendant's imitation of Sinhdarella's THE

13  BOILING CRAB® restaurants through unauthorized use of THE BOILING

14  CRAB® trademark and Sinhdarella's distinctive trade dress has caused actual

15  confusion among consumers.  In part because of the sub-par quality of Defendant's

16  food and service, the confusion caused by Defendant's willful infringement of

17  Sinhdarella's THE BOILING CRAB® trademark and trade dress has caused

18  significant injury to the reputation of Sinhdarella's THE BOILING CRAB® chain

19  of restaurants, including by virtue of negative reviews written about Defendant's

20  infringing restaurant.  Sinhdarella has also suffered additional significant injury as

21  a result of Defendant's willful and intentional infringement of Sinhdarella's THE

22  BOILING CRAB® trademark and trade dress, including as the result of lost

23  business opportunities.

24        **DEFENDANT HAS IGNORED SINHDARELLA'S DEMANDS**

25        **THAT DEFENDANT STOP INFRINGING SINHDARELLA'S**

26        ***THE BOILING CRAB*® TRADEMARK**

27        24.    On May 22, 2007, counsel for Sinhdarella sent a letter to

28  Defendant objecting to Defendant's unauthorized use of Sinhdarella's THE

1   BOILING CRAB® trademark.  That letter demanded, among other things, that

2   Defendant immediately stop using the trademark THE BOILING CRAB®.  A true

3   and correct copy of that letter is attached hereto as <u>Exhibit M</u>.

4          25.    On June 26, 2007, having not heard anything from Defendant in

5   response to the initial letter, counsel for Sinhdarella sent another letter to

6   Defendant, again objecting to Defendant's unauthorized use of Sinhdarella's THE

7   BOILING CRAB® trademark and repeating the demands contained in the May 22,

8   2007 letter.  A true and correct copy of that letter is attached hereto as <u>Exhibit N</u>.

9          26.    On July 23, 2007, still having not heard anything from

10  Defendant in response to either of the first two letters, counsel for Sinhdarella sent

11  another letter to Defendant – this time by hand delivery directly to Defendant's

12  restaurant – again objecting to Defendant's unauthorized use of Sinhdarella's THE

13  BOILING CRAB® trademark and once again repeating the demands contained in

14  Sinhdarella's May 22, 2007 letter.  A true and correct copy of that letter is attached

15  hereto as <u>Exhibit O</u>.

16         27.    Despite Sinhdarella's repeated demands that Defendant stop his

17  blatant infringement of Sinhdarella's THE BOILING CRAB® trademark and trade

18  dress, Defendant has completely ignored Sinhdarella's efforts to reach an informal

19  resolution of this matter and continued, unabashedly, with his willful and

20  intentional infringement of Sinhdarella's THE BOILING CRAB® trademark and

21  trade dress rights.

**FIRST CLAIM FOR RELIEF**

**(Infringement of a Federally Registered Trademark)**

**15 U.S.C. § 1114(1)**

25         28.    Sinhdarella realleges and incorporates by reference the

26  allegations in paragraphs 1 through 27, as if set forth fully herein.

27         29.    This claim is against Defendant for trademark infringement in

28  violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

1    30.    Defendant has used and is using in interstate commerce

2  Sinhdarella's valid and federally registered THE BOILING CRAB® trademark in

3  connection with restaurant services in such a way as is likely to cause confusion, to

4  cause mistake, and/or to deceive the consuming public.

5    31.    Sinhdarella never consented to or authorized Defendant's

6  adoption or commercial use of the trademark THE BOILING CRAB® for any

7  purpose.  Defendant therefore has infringed and is infringing Sinhdarella's THE

8  BOILING CRAB® trademark in violation of Section 32(1)(a) of the Lanham Act,

9  15 U.S.C. § 1114(1)(a).

10    32.    Upon information and belief, Sinhdarella alleges that, at all

11  times relevant to this action, including when Defendant first adopted the mark THE

12  BOILING CRAB® and commenced commercial use of the mark THE BOILING

13  CRAB® in connection with restaurant services, Defendant knew of Sinhdarella's

14  prior adoption and widespread commercial use of the trademark THE BOILING

15  CRAB® in connection with restaurant services and related goods and services and

16  knew of the valuable goodwill and reputation acquired by Sinhdarella in

17  connection with its THE BOILING CRAB® trademark.  Defendant's infringement

18  of Sinhdarella's THE BOILING CRAB® trademark is willful and deliberate.

19    33.    Sinhdarella has no control over the quality of Defendant's

20  infringing restaurant services, and because of the source confusion engendered by

21  Defendant's willful trademark infringement, Sinhdarella's valuable goodwill in

22  and to its federally registered trademark THE BOILING CRAB® is being

23  significantly harmed.  Defendant's use of the mark THE BOILING CRAB®, in

24  blatant imitation of Sinhdarella's THE BOILING CRAB® trademark, has caused

25  confusion, mistake, and deception to purchasers as to the source and origin of

26  Defendant's services and products sold under the mark THE BOILING CRAB®.

27    34.    Defendant's activities are intended, and are likely, to lead the

28  public to conclude, incorrectly, that Defendant's restaurant services originate with,

1  are sponsored by, and/or are authorized by Sinhdarella and its THE BOILING

2  CRAB® brand, to the damage and harm of Sinhdarella and the consuming public.

3  Defendant's activities constitute willful and deliberate infringement of

4  Sinhdarella's federally registered trademark in violation of the Lanham Act,

5  including, but not limited to, 15 U.S.C. § 1114(1).  Accordingly, Sinhdarella is

6  entitled to recover Defendant's profits, together with Sinhdarella's damages,

7  increased monetary recoveries as provided by the Lanham Act, as well as costs of

8  the action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham

9  Act, 15 U.S.C. § 1117(a).

10          35.    Defendant's activities have caused and will continue to cause

11  irreparable harm to Sinhdarella for which Sinhdarella has no adequate remedy at

12  law, in that:  (i) Sinhdarella's THE BOILING CRAB® trademark is a unique and

13  valuable property right that has no readily determinable market value; (ii)

14  Defendant's infringement constitutes an interference with Sinhdarella's goodwill

15  and customer relationships and will substantially harm Sinhdarella's reputation as

16  a source of high quality goods and services, as well as dilute the substantial value

17  of Sinhdarella's THE BOILING CRAB® name and trademark; and (iii)

18  Defendant's wrongful conduct, and the resulting damages to Sinhdarella, are

19  continuing.  Accordingly, Sinhdarella is entitled to preliminary and permanent

20  injunctive relief pursuant to 15 U.S.C. § 1116(a) and to an order under 15 U.S.C. §

21  1118 impounding all goods and other materials in Defendant's possession,

22  custody, or control that bear the trademark THE BOILING CRAB®.

23          36.    Sinhdarella also is entitled to, in addition to the other remedies

24  described herein, the cost of corrective advertising and a reasonable royalty as a

25  result of Defendant's infringement of Sinhdarella's federally registered THE

26  BOILING CRAB® trademark.

27          37.    This is an exceptional case, further entitling Sinhdarella to

28  additional remedies and also entitling Sinhdarella to recover its attorneys' fees and

1  costs incurred in prosecuting this action and stopping Defendant's willful

2  trademark infringement, pursuant to 15 U.S.C. § 1117.

3  <u>**SECOND CLAIM FOR RELIEF**</u>

4  **(Trademark and Trade Dress Infringement, and Unfair Competition)**

5  **15 U.S.C. § 1125(a)**

6      38.    Sinhdarella realleges and incorporates by reference the

7  allegations in paragraphs 1 through 37, as if set forth fully herein.

8      39.    This claim is against Defendant for trademark and trade dress

9  infringement, and unfair competition, in violation of Section 43(a) of the Lanham

10  Act, 15 U.S.C. § 1125(a).

11      40.    Sinhdarella's THE BOILING CRAB® trademark and

12  distinctive trade dress, including the overall, non-functional configuration of

13  Sinhdarella's THE BOILING CRAB® restaurants, including, but not limited to,

14  the menus, food items, color of the walls, the signs on the walls, the hanging of

15  fishing nets on the walls, affixing sculptures of red-colored crustaceans on the

16  walls, the configuration of the tables and chairs, and the overall look-and-feel of

17  the restaurant, all as described above, are nonfunctional and inherently distinctive.

18  They have acquired secondary meaning in the eyes of the public.

19      41.    Defendant's use and imitation of the trademark THE BOILING

20  CRAB® and the inherent trade dress of Sinhdarella's THE BOILING CRAB®

21  restaurants is so similar to Sinhdarella's THE BOILING CRAB® mark and trade

22  dress that Defendant is likely to cause confusion, mistake, and/or to deceive the

23  consuming public as to the affiliation, connection, and/or association between

24  Sinhdarella's THE BOILING CRAB® restaurants and Defendant's "The Boiling

25  Crab" restaurant.  Defendant's unauthorized use of the trademark THE BOILING

26  CRAB® and Sinhdarella's trade dress infringes Sinhdarella's THE BOILING

27  CRAB® trademark and trade dress, and constitutes unfair competition.

28

1   Defendant's unauthorized use of the trademark THE BOILING CRAB® also

2   constitutes a false designation of origin of products and services.

3       42.   On information and belief, at all times relevant to this action,

4   including at the time Defendant first copied and began using without authorization

5   Sinhdarella's THE BOILING CRAB® trademark and distinctive trade dress,

6   Defendant knew of Sinhdarella's prior adoption and widespread commercial use of

7   the trademark THE BOILING CRAB® and distinctive trade dress, and knew of the

8   valuable goodwill and reputation acquired by Sinhdarella in connection with its

9   THE BOILING CRAB® trademark and trade dress.  Defendant's infringement of

10  Sinhdarella's THE BOILING CRAB® trademark and trade dress is therefore

11  knowing, willful, and deliberate.

12      43.   Defendant's activities are intended to, and are likely to, lead the

13  public to conclude, incorrectly, that Defendant's restaurant services originate with,

14  are sponsored by, and/or are authorized by Sinhdarella and its nationwide chain of

15  THE BOILING CRAB® restaurants, to the damage and harm of Sinhdarella and

16  the consuming public.  Defendant's activities constitute willful and deliberate

17  infringement of Sinhdarella's THE BOILING CRAB® trademark and trade dress

18  in violation of the Lanham Act, including, but not limited to, 15 U.S.C. § 1125(a).

19  Accordingly, Sinhdarella is entitled to recover Defendant's profits together with

20  Sinhdarella's damages, an increased monetary recovery, as well as costs of the

21  action and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act,

22  15 U.S.C. § 1117(a).

23      44.   Defendant's activities have caused and will continue to cause

24  irreparable harm to Sinhdarella for which Sinhdarella has no adequate remedy at

25  law, in that:  (i) Sinhdarella's rights in its THE BOILING CRAB® trademark and

26  trade dress are unique and valuable property rights which have no readily

27  determinable market value; (ii) Defendant's infringement constitutes an

28  interference with Sinhdarella's goodwill and customer relationships and will

1  substantially harm Sinhdarella's reputation as a source of high quality goods and

2  services, as well as harm the substantial value of Sinhdarella's THE BOILING

3  CRAB® trademark and trade dress; and (iii) Defendant's wrongful conduct, and

4  the resulting damages to Sinhdarella, are continuing.  Accordingly, Sinhdarella is

5  entitled to preliminary and permanent injunctive relief pursuant to 15 U.S.C. §

6  1116(a) and to an order under 15 U.S.C. § 1118 impounding all goods and other

7  materials in Defendant's possession, custody, or control that bear the trademark

8  THE BOILING CRAB®.

9        45.    Sinhdarella also is entitled to, in addition to the other remedies

10  described herein, the cost of corrective advertising and a reasonable royalty as a

11  result of Defendant's infringement of Sinhdarella's THE BOILING CRAB®

12  trademark and trade dress.

13        46.    This is an exceptional case, further entitling Sinhdarella to

14  additional remedies and also entitling Sinhdarella to recover its attorneys' fees and

15  costs incurred in prosecuting this action and stopping Defendant's willful

16  trademark and trade dress infringement, pursuant to 15 U.S.C. § 1117.

17  **THIRD CLAIM FOR RELIEF**

18  **(Unfair Competition Under State Law)**

19  **Cal. Bus. & Prof. Code §§ 17200 *et seq.* and California Common Law**

20        47.    Sinhdarella realleges and incorporates by reference the

21  allegations in paragraphs 1 through 46, as if set forth fully herein.

22        48.    Defendant's acts as detailed herein have impaired Sinhdarella's

23  goodwill, have created a likelihood of confusion, are likely to deceive consumers,

24  and have otherwise adversely affected Sinhdarella's business and reputation by

25  Defendant's use of unfair, fraudulent, and unlawful business practices.  These acts

26  constitute unfair competition and unfair business practices under California

27  Business and Professions Code §§ 17200 *et seq.* and California common law.

28

49.    Absent injunctive relief, Sinhdarella has no means by which to control Defendant's deceptive and confusing use of Sinhdarella's THE BOILING CRAB® trademark and trade dress. Sinhdarella is therefore entitled to injunctive relief prohibiting Defendant from continuing such acts of unfair competition.

50.    As a direct and proximate result of the aforesaid acts of unfair competition, Defendant has wrongfully profited and taken the benefit of Sinhdarella's creativity and investment of time, energy, and money. Defendant has also wrongfully taken monies from consumers as the result of the aforesaid acts of unfair competition. Defendant should therefore be ordered to perform full restitution, as permitted by law, as a consequence of his acts of unfair competition.

## FOURTH CLAIM FOR RELIEF

### (Trademark Infringement Under State Law)

### California Common Law

51.    Sinhdarella realleges and incorporates by reference the allegations in paragraphs 1 through 50, as if set forth fully herein.

52.    Defendant's acts infringe Sinhdarella's THE BOILING CRAB® trademark and the distinctive trade dress of its THE BOILING CRAB® restaurants. Defendant's acts have caused, and are likely to continue to cause, consumer confusion and injury to Sinhdarella's business and reputation and to dilute the distinctive quality of Sinhdarella's THE BOILING CRAB® trademark and trade dress, and constitute trademark infringement under California common law. Defendant's acts have been and are the proximate cause of injury to Sinhdarella.

53.    Absent injunctive relief, Sinhdarella has no means to stop Defendant's continuing infringement of Sinhdarella's THE BOILING CRAB® trademark and trade dress. Sinhdarella is therefore entitled to injunctive relief prohibiting Defendant from continuing the unlawful acts described herein. Sinhdarella is also entitled to damages, Defendant's profits, punitive damages, an

1 | accounting, costs, attorneys' fees and other damages and monetary relief, all

2 | according to proof at trial.

3 | ## FIFTH CLAIM FOR RELIEF

4 | ### (Constructive Trust)

5 | 54.    Sinhdarella realleges and incorporates by reference the

6 | allegations in paragraphs 1 through 53, as if set forth fully herein.

7 | 55.    Sinhdarella is entitled to all profits Defendant has derived from

8 | infringement of Sinhdarella's rights pursuant to 15 U.S.C. § 1117(a), 15 U.S.C.

9 | § 1125(c)(2), and the statutory and common law of the United States and State of

10 | California.

11 | 56.    Sinhdarella alleges on information and belief that Defendant

12 | owns and possesses tangible real and personal property and assets consisting of or

13 | obtained with profits from or obtained by Defendant's unlawful acts, as alleged

14 | herein.

15 | 57.    Defendant holds the above-mentioned tangible real and

16 | personal property and assets as constructive trustee for the benefit of Sinhdarella,

17 | in an amount to be proven at trial.

18 | ## PRAYER FOR RELIEF

19 | WHEREFORE, Sinhdarella prays for entry of a judgment ordering

20 | and declaring:

21 | 1.    That, preliminarily pending trial of this action and permanently

22 | thereafter, Defendant and his agents, servants, employees, successors, licensees

23 | and assignees, and all persons, firms, entities, partners, or corporations in active

24 | concert or participation with Defendant, are preliminarily and thereafter

25 | permanently enjoined from doing, threatening, or attempting to do or causing to be

26 | done, either directly or indirectly, by any means, method or device, any of the

27 | following acts:

28 |

LATHAM&WATKINS**LLP**  OC\905305.1
ATTORNEYS AT LAW
ORANGE COUNTY

16

COMPLAINT

1                  (a)      Directly or indirectly infringing, using, or displaying the

2 trademark THE BOILING CRAB® or Sinhdarella's THE BOILING CRAB®

3 trade dress, or any mark or trade dress similar thereto, in any manner or for any

4 purpose, including, but not limited to, in advertising, promoting, producing,

5 distributing, selling, offering for sale, or giving away any services or products

6 which infringe, use, or display Sinhdarella's THE BOILING CRAB® trademark or

7 the trade dress of Sinhdarella's THE BOILING CRAB® restaurants, or any marks

8 or trade dress similar thereto;

9                  (b)      Using any term that is likely to be confused with

10 Sinhdarella's THE BOILING CRAB® trademark;

11                  (c)      Using any trade dress likely to be confused with the trade

12 dress of Sinhdarella's THE BOILING CRAB® restaurants, including the overall,

13 non-functional configuration of Sinhdarella's THE BOILING CRAB® restaurants,

14 including, but not limited to, the menus, food items, color of the walls, the signs on

15 the walls, the hanging of fishing nets on the walls, affixing sculptures of red-

16 colored crustaceans on the walls, the configuration of the tables and chairs, and the

17 overall look-and-feel of the restaurant;

18                  (d)      Falsely representing, misleading, or deceiving consumers

19 into believing that services or products advertised, promoted, produced,

20 distributed, sold, or offered for sale by Defendant originate from Sinhdarella or its

21 THE BOILING CRAB® restaurants, or are sponsored, approved, licensed by, or

22 associated with Sinhdarella or its THE BOILING CRAB® restaurants, or that

23 Defendant or his services or products are in some way associated or affiliated with

24 Sinhdarella or its THE BOILING CRAB® restaurants;

25                  (e)      Destroying, concealing, altering, or otherwise disposing

26 of any documents, electronically stored information, or other evidence that relates

27 or refers to the advertising, promotion, production, distribution, sale, or giving

28 away Defendant's products and services which infringe Sinhdarella's THE

LATHAM&WATKINS      OC\905305.1
ATTORNEYS AT LAW
ORANGE COUNTY
                                                        17                                                                COMPLAINT

1    BOILING CRAB® trademark and trade dress, including, but not limited to, sales

2    journals, supplier journals, customer journals, ledgers, invoices, purchase orders,

3    inventory control documents, bank records, correspondence, and e-mail messages;

4            (f)    Committing any other acts calculated to or that do

5    unfairly compete with Sinhdarella in any manner;

6            (g)    Filing or prosecuting any trademark application for the

7    trademark THE BOILING CRAB® or any mark confusingly similar thereto;

8            (h)    Filing or maintaining any business license, d/b/a, or

9    similar document using the trademark THE BOILING CRAB® or any mark

10   confusingly similar thereto; and

11           (i)    Registering or using any trade name or domain name

12   containing or consisting of the trademark THE BOILING CRAB® or any mark

13   confusingly similar thereto;

14           2.    That Defendant be required to account for all profits derived by

15   him from his trade, infringing conduct, unfair practices and competition, and for an

16   order of restitution of the entire amount of those profits, in amounts to be proven at

17   trial, to Sinhdarella;

18           3.    That Defendant be required to turn over to be impounded

19   during the pendency of this action all goods and other materials in his possession,

20   custody, or control used or involved in the trademark and trade dress infringement

21   complained of herein, and to turn over for destruction all such goods and other

22   materials, or in the alternative that all such items be subject to seizure;

23           4.    That Defendant be ordered to pay all of Sinhdarella's attorneys'

24   fees, costs, and disbursements incurred in this suit, in bringing this action for the

25   legal enforcement of its trademark and trade dress rights, and in connection with

26   all efforts to stop Defendant's trademark infringement, trade dress infringement,

27   and unfair competition;

28

1          5.      That, in addition to being ordered to pay its profits attributable

2   to the infringing conduct complained of herein to Sinhdarella, Defendant also be

3   ordered to pay his infringing profits as monetary damages and reasonable royalties,

4   to be increased by the Court by such amount as the Court deems to be just, together

5   with Sinhdarella's damages, all of which, according to the circumstances of this

6   case, should be increased and trebled as provided by law, including 15 U.S.C. §

7   1117, and paid to Sinhdarella;

8          6.      That Defendant be ordered to pay exemplary or punitive

9   damages to the extent available under, and according to, law;

10         7.      That Defendant has willfully and deliberately committed acts of

11  trademark infringement, trade dress infringement, and unfair competition against

12  Sinhdarella;

13         8.      That Defendant be ordered to pay interest according to law;

14         9.      That Defendant be ordered to pay the costs of corrective

15  advertising; and

16         10.     For all such other, further, and different relief that this Court

17  deems just and proper.

18

19  Dated: August 22, 2007                    Respectfully submitted,

20                                            LATHAM & WATKINS

21

22                                            By

23                                                 Michael W. De Vries

24                                            Attorneys for Plaintiff
                                              SINHDARELLA, INC.

25

26

27

28

LATHAM & WATKINS LLP   OC\905305.1
ATTORNEYS AT LAW
ORANGE COUNTY                              19                          COMPLAINT

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Rule 3-6, Plaintiff Sinhdarella, Inc. hereby demands a trial by jury of any and all issues triable of right by a jury, including all issues so triable that are raised herein and all such issues that are hereafter raised in this action.

Dated: August 22, 2007

Respectfully submitted,

LATHAM & WATKINS

By _____
    Michael W. De Vries

Attorneys for Plaintiff
SINHDARELLA, INC.