LATHAM & WATKINS LLP
  Michael W. De Vries (SBN 211001)
   *mike.devries@lw.com*
  Andrew Fossum (SBN 250373)
   *andrew.fossum@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, California 92626
Telephone: (714) 540-1235
Facsimile: (714) 755-8290
Attorneys for Plaintiff
SINHDARELLA, INC.

Law Offices of Christopher Hays
  Christopher Hays
   *hays-sf@pacbell.net*
One Embarcadero Center, Suite 500
San Francisco, CA 94111
Telephone: (415) 398-0848
Facsimile: (415) 931-0444
Attorneys for Defendant
Kevin Vu

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SINHDARELLA, INC., a California corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>KEVIN VU, an individual, d/b/a/ THE BOILING CRAB; and DOES 1 through 10,<br><br>  Defendants. | CASE NO. C 07 04353 WHA<br><br>Honorable William H. Alsup<br><br>**Action Filed: August 23, 2007**<br><br>**JOINT CASE MANAGEMENT STATEMENT; JOINT RULE 26(F) REPORT; AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Initial Case Management Conference:<br><br>Date:        November 29, 2007<br>Time:        11:00 a.m.<br>Courtroom: 9<br><br>Trial Date: None set |

LATHAM&WATKINS LLP   OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

JOINT CASE MANAGEMENT STATEMENT,
JOINT RULE 26(F) REPORT, ETC.

1 | The parties to the above-entitled action—Plaintiff Sinhdarella, Inc. ("Plaintiff" or "Sinhdarella") and Defendant Kevin Vu d/b/a THE BOILING CRAB ("Defendant")—having conferred through their respective counsel on November 9, 2007, jointly submit this Case Management Statement, Rule 26(f) Report, and Proposed Order, pursuant to Rules 26(f) and 16 of the Federal Rules of Civil Procedure, Civil Local Rule 16-9(a), the Clerk's Notice Scheduling Initial Case Management Conference on Reassignment, and the Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup ("Supplemental Order").

**JOINT CASE MANAGEMENT STATEMENT**

**A.   Jurisdiction and Service.**

This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1338(a)-(b) and 15 U.S.C. § 1121(a) because this action arises under the Lanham Act, 15 U.S.C. §§ 1051, *et. seq.*  The Court also has supplemental jurisdiction over the claims arising out of state law pursuant to 28 U.S.C. §§ 1338(b) and 1367 because the state law claims arise out of the same operative facts as the federal claims.  No issue exists regarding personal jurisdiction or venue.

**B.   Factual and Legal Bases for Claims and Defenses.**

    **1.   Plaintiff's Contentions**

Sinhdarella (pronounced "Cinderella") is a corporation with its principal headquarters located in Fountain Valley, California, which operates a chain of restaurants throughout the United States under the trademark THE BOILING CRAB®.[1]  Sinhdarella opened its first THE BOILING CRAB®

---

[1] Defendant disputes the contention that Sinhdarella operates "throughout the United States."

restaurant in 2003.  Since then, because of the huge popularity and success of Sinhdarella's THE BOILING CRAB® restaurants, Sinhdarella has since expanded its chain of THE BOILING CRAB® restaurants to include two additional THE BOILING CRAB® restaurants in California and a THE BOILING CRAB® restaurant in Houston, Texas.  Sinhdarella continues to expand and is soon opening another THE BOILING CRAB® restaurant in Dallas, Texas.  Sinhdarella also continues to explore further expansion and began actively exploring opening a Bay Area location before Defendant launched his infringing restaurant.

Sinhdarella's THE BOILING CRAB® restaurants have also received unsolicited attention from, and positive recognition by, the media, which has further contributed to consumers' widespread recognition of Sinhdarella's THE BOILING CRAB® restaurants.[2]  Additionally, Sinhdarella has expended considerable time, effort, and money promoting and advertising its chain of THE BOILING CRAB® restaurants, further contributing to the recognition and success of THE BOILING CRAB® chain of restaurants.[3]  Sinhdarella also has a very strong internet presence for its THE BOILING CRAB® restaurants and has gained significant recognition by consumers who use the internet through its website at www.theboilingcrab.com, on myspace.com, and through yelp.com.[4]

Sinhdarella's THE BOILING CRAB® restaurants offer a unique selection of Louisiana-style seafood, including blue crab, oysters, Dungeness crab, shrimp, and crawfish seasoned with THE BOILING CRAB® restaurants'

---

[2] Defendant disputes these contentions.

[3] Defendant disputes the contentions as to the extent and effect of Sinhdarella's promotion and advertising.

[4] Defendant disputes the contentions as to the strength of Sinhdarella's Internet presence and the extent of Sinhdarella's recognition thereon.

distinctive blends of spices and seasonings.[5]  Customers of THE BOILING CRAB® restaurants are also treated to a dining experience that is characterized by the innovative food presentations, unique menus, and distinctive restaurant décor provided by Sinhdarella's THE BOILING CRAB® restaurants.[6]

As a result of its widespread use of its mark THE BOILING CRAB®, Sinhdarella has acquired common law rights in its THE BOILING CRAB® trademark.[7]  In addition, Sinhdarella was awarded United States Trademark Registration Number 3,256,219 for the mark THE BOILING CRAB® in connection with restaurant services in International Class 43 by the United States Patent and Trademark Office.  Sinhdarella also has developed rights in the distinctive trade dress of its THE BOILING CRAB® restaurants.[8]

Defendant Kevin Vu d/b/a/ THE BOILING CRAB is an individual who resides in San Jose, California.  Recently, several years *after* Sinhdarella first began using its THE BOILING CRAB® trademark and distinctive trade dress, Defendant opened and began operating a restaurant called "The Boiling Crab," using *precisely* the same name as Sinhdarella's chain of restaurants.[9]  In addition to using Sinhdarella's THE BOILING CRAB® trademark, Defendant also copied the

---

[5] Defendant disputes the contentions as the to uniqueness of Sinhdarella's offerings.

[6] Defendant disputes the contentions as the to innovativeness of Sinhdarella's offerings.

[7] Defendant disputes that Sinhdarlla has acquired common law rights in THE BOILING CRAB trademark.

[8] Defendant disputes that Sinhdarella acquired rights in the trade dress of its THE BOILING CRAB® restaurants.  Defendant further disputes that the trade dress is distinctive.

[9] Defendant contends that he opened his restaurant three years after Sinhdarella contends it began using its "THE BOILING CRAB" trademark but prior to Sinhdarella's filing its application for federal trademark registration.  Defendant also contends that he opened a restaurant at the same location some years before he adopted the name in issue.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\921761.2

3

JOINT CASE MANAGEMENT STATEMENT,
JOINT RULE 26(F) REPORT, ETC.

unique trade dress used by Sinhdarella's THE BOILING CRAB® restaurants. Defendant's restaurant mimics the overall, non-functional configuration of Sinhdarella's THE BOILING CRAB® restaurants, including by imitating the color of the walls, the signs on the walls, the hanging of fishing nets on the walls, affixing sculptures of red-colored crustaceans on the walls, the configuration of the tables and chairs, and the overall look-and-feel of the restaurant. In addition, Defendant's menu is virtually an identical copy of the menu used by Sinhdarella around the time that Defendant opened his "The Boiling Crab" restaurant. Defendant's menu is the exact same shape (rectangular), size (4.25"x11"), and color (orange) as the menu for Sinhdarella's THE BOILING CRAB® restaurants used around the time that Defendant opened his infringing restaurant. Defendant's menu offers the same five entrees (crab, oysters (raw), crab, crawfish, and shrimp), two of the same extras in the same order (corn and sausage), and the same drinks in the same order (soda, bottled water, domestic beer, and imported beer) as does Sinhdarella's THE BOILING CRAB® menu. In fact, Defendant's imitation of Sinhdarella's THE BOILING CRAB® restaurants is so complete that Defendant even copied precisely the same hours of operation as those used by Sinhdarella's THE BOILING CRAB® restaurants: Mon-Fri 3:00 pm-10:00 pm and Sat-Sun 12:00 pm-10:00 pm.[10]

        Defendant's unauthorized use of Sinhdarella's THE BOILING CRAB® trademark and trade dress constitutes a violation of Sinhdarella's rights in its trademark and trade dress. On that basis, Sinhdarella alleges that Defendant's operation of his restaurant under the name "The Boiling Crab" and imitation of Sinhdarella's distinctive THE BOILING CRAB® trade dress constitutes willful

---

[10] Defendant contends that he had not heard of Sinhdarella's restaurants prior to opening his restaurant. Accordingly, Defendant disputes copying any element of Sinhdarella's restaurants including the name, interior look and feel, menus, or hours of operation.

LATHAM&WATKINS LLP  OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

4    JOINT CASE MANAGEMENT STATEMENT, JOINT RULE 26(F) REPORT, ETC.

infringement in violation of Sinhdarella's rights in the trademark THE BOILING CRAB® and in Sinhdarella's distinctive THE BOILING CRAB® trade dress under 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and California Common Law.[11]

More than a month after this lawsuit was filed on August 23, 2007, Defendant represented to counsel for Sinhdarella that Defendant had ceased using Sinhdarella's THE BOILING CRAB® trademark as of September 21, 2007. Rather than change his name to a name that was not likely to cause confusion, however, Defendant altered his exterior sign just slightly to read "The Boiling Crawfish" instead of "The Boiling Crab."[12]  Moreover, as of October 8, 2007, Defendant was continuing to use the name "The Boiling Crab" on his menus and had not altered the interior look and feel of his restaurant.  During a meet and confer between counsel on November 15, 2007, Defendant's counsel stated that he would likely be advising Defendant to resume using the name "The Boiling Crab." Sinhdarella contends that Defendant continues to infringe Sinhdarella's trademark and trade dress rights, as explained above.[13]

### 2. Defendant's Contentions

Defendant contends that Sinhdarella does not operate a "chain of restaurants throughout the United States" since it only operates 4 restaurants, 3 of which are in Southern California and one of which is in Houston, Texas. Defendant further contends that he had no knowledge whatsoever of Sinhdarella's THE BOILING CRAB restaurants prior to the adopting of the name "The Boiling

---

[11] Defendant disputes all of Sinhdarella's contentions in this paragraph.

[12] Defendant disputes that the change from "The Boiling Crab" to the "The Boiling Crawfish" is just a "slight" change.

[13] Counsel for Defendant clarifies that the basis for this advice is Defendant's contention "continuous" use of the name "The Boiling Crab" may be a defense to under 15 U.S.C. § 1115(b)(5).

LATHAM&WATKINS LLP OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

5

JOINT CASE MANAGEMENT STATEMENT,
JOINT RULE 26(F) REPORT, ETC.

Crab" for his restaurant. Defendant further contends that Sinhdarella's trademark is invalid because it is merely descriptive and Sinhdarella cannot establish secondary meaning. In addition, Defendant asserts a defense under 15 U.S.C. § 1115(b)(5), claiming that he adopted "The Boiling Crab" name before Sinhdarella filed its application for Trademark registration in good faith and without actual or constructive knowledge of Sinhdarella's prior use and trademark rights in its THE BOILING CRAB mark. Defendant also claims that his use of Sinhdarella's THE BOILING CRAB trademark is not likely to cause confusion, and that his trade dress differs from Sinhdarella's. Finally, Defendant contends that Sinhdarella should be estopped from denying that Defendant's use of "the Boiling Crab" was continuous since the brief period during which it was not used was occasioned by threats made by Sinhdarella's counsel that Sinhdarella would have the U.S. Marshal close Defendant's restaurant if Defendant did not immediately stop using "The Boiling Crab" name.[14] Defendant was not represented by counsel when this threat was made.

### C. Proceedings to Date.

Prior to filing this action, Sinhdarella sent several letters to Defendant objecting to his use of Sinhdarella's THE BOILING CRAB® trademark. Defendant did not respond to any of these letters. Accordingly, Sinhdarella filed this action on August 23, 2007 and served Defendant Kevin Vu with a Summons and Complaint on August 24, 2007.

On September 18, 2007, Defendant Kevin Vu filed an Answer to the Complaint.

The parties have not yet made their initial disclosures, but have agreed to exchange the initial disclosures required by Federal Rule of Civil Procedure 26

---

[14] Sinhdarella disputes Defendant's contention that its counsel threatened to have the U.S. Marshal close Defendant's restaurant.

1 | by no later than November 28, 2007.

2 | There are no other related proceedings or related cases pending.

### D. Motions.

There are no pending motions at this time.

Because Defendant continues to infringe Sindarella's trademark and trade dress rights, and further because Defendant would not stipulate to entry of a preliminary injunction, Sinhdarella intends to file a motion for a preliminary injunction in the near future.

### E. New Parties To Be Added; Existing Parties To Be Deleted.

The parties are not presently aware of any currently identified parties that need to be added or deleted, but Sinhdarella has been informed and believes that Defendant may have a partner involved in the operation of the infringing restaurant or in plans for future infringing restaurants. Defendant denies both of these contentions. The parties wish to reserve the right to add or delete parties, or to challenge the standing of parties to assert claims or defenses, after discovery has been taken.

### F. Evidentiary, Claim-Construction Or Class-Certification Hearings.

The parties do not anticipate the need for any evidentiary, claim-construction, or class-certification hearings.

### G. Compliance With Evidence-Preservation Requirements.

Both parties have agreed to comply with evidence-preservation requirements as stated in paragraph four of the Supplemental Order. However, after this action was filed, Defendant used the lightbox from his "The Boiling Crab" sign to create a different sign bearing the name "The Boiling Crawfish." Defendant has informed Sinhdarella that the letters used in Defendant's original sign have been discarded.

### H. Scope of Discovery to Date and Anticipated Discovery

To date, the parties have not conducted any discovery. The scope of

LATHAM&WATKINS LLP  OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

7

JOINT CASE MANAGEMENT STATEMENT,
JOINT RULE 26(F) REPORT, ETC.

anticipated discovery, including limits and a proposed discovery control plan, are set forth in the parties' Rule 26(f) Report set out below.

### I. Other Problems and Issues

Shortly after filing Defendant's Answer, Defendant's counsel of record withdrew from the case, and Defendant decided to proceed without counsel. On September 24, 2007, Defendant unilaterally cancelled the Rule 26(f) conference scheduled for that same day. Over the course of the following month, Sinhdarella's counsel attempted to reschedule the Rule 26(f) conference several times without success. During this time, Sinhdarella was prevented from obtaining discovery by Defendant's refusal to participate in the Rule 26(f) conference. In addition, as discussed above, it was during the period without counsel that Defendant modified evidence (his original "The Boiling Crab" sign).

### J. Jury Demand.

The parties have demanded a jury trial as to all issues triable of right by a jury.

### K. Damages And Other Relief Sought.

Sinhdarella seeks preliminary and permanent injunctive relief and damages according to proof, measured by the injury that Defendant's willful infringement has caused to Sinhdarella and its business, and as further measured by Defendant's profits incurred by way of his infringement, including but not limited to treble damages pursuant to 15 U.S.C. Section 1117. Sinhdarella also seeks costs and attorney fees as allowed by law, particularly in light of Defendant's willful and continuing infringement of Sinhdarella's trademark and trade dress rights.

### L. Narrowing of Issues.

At this time the parties have not identified any issues that can be narrowed by agreement or by motion and do not have any requests to bifurcate any issues, claims, or defenses at this time.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\921761.2

8

JOINT CASE MANAGEMENT STATEMENT, JOINT RULE 26(F) REPORT, ETC.

**M.  Expedited Schedule.**

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

**N.  Disclosure of Non-party Interested Entities or Persons.**

Sinhdarella filed its Certification of Interested Entities or Persons on August 23, 2007, identifying Plaintiff Sinhdarella, Inc, Dada Ngo (shareholder of Sinhdarella, Inc.), and Sinh Nguyen (shareholder of Sinhdarella, Inc.).  Defendant has not complied with the requirement that he file a Certification of Interested Entities or Persons.

**O.  ADR Efforts And Specific ADR Plan.**

To date, the parties have engaged in informal settlement discussions. The parties believe that mediation under ADR Local Rule 6 would be most productive after some fact discovery has taken place.  Accordingly, on November 9, 2007, the parties filed a Stipulation and Proposed Order selecting Mediation.

On November 8, 2007, Sinhdarella filed the ADR Certification required by ADR Local Rule 3-5b.  Defendant has not complied with the requirement that he file the ADR Certification required by ADR Local Rule 3-5b.

**P.  Consent To Magistrate Judge.**

The parties do not consent to assignment of the case to a magistrate judge.

**Q.  Counsel Service List.**

Plaintiff Sinhdarella's counsel:

Michael W. De Vries (mike.devries@lw.com)
Andrew Fossum (andrew.fossum@lw.com)
Latham & Watkins LLP
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone:      (714) 540-1235
Facsimile:       (714) 755-8290

LATHAM&WATKINS LLP OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

9

JOINT CASE MANAGEMENT STATEMENT,
JOINT RULE 26(F) REPORT, ETC.

1  Defendant Kevin Vu's counsel:

2  Christopher Hays (hays-sf@pacbell.net)
   Law Offices of Christopher Hays
3  One Embarcadero Center, Suite 500
4  San Francisco, CA 94111
   Telephone (415) 398-0848
5  Facsimile (415) 931-0444

6

7  **R.    Other Items Set Forth In Local Rule 16-10.**

   The parties have no additional issues to address pursuant to Local
8  Rule 16-10 at this time.

LATHAM&WATKINS LLP OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

10    JOINT CASE MANAGEMENT STATEMENT,
      JOINT RULE 26(F) REPORT, ETC.

**JOINT RULE 26(F) REPORT**

1. The parties do not intend to seek any changes in the form or requirement for disclosures under Rule 26(a), but have conferred and agreed to extend the time for disclosures. By agreement of the parties, the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be made on or before November 28, 2007.

2. Subjects on which discovery may be needed include: (1) Sinhdarella's claims of trademark and trade dress infringement, state and federal unfair competition, common law trademark infringement, and constructive trust; (2) the elements of those claims; (3) damages suffered by Sinhdarella; (4) Defendant's profits from infringement and unfair competition; and (5) Defendant's claim of continuous use in good faith of the name "BOILING CRAB" beginning prior to Sinhdarella's application for trademark registration. At this time, the parties do not anticipate the need to limit or focus discovery upon particular issues. The parties propose the following schedule for discovery:

   i. The fact discovery cut-off in this case shall be April 28, 2008. Any and all written discovery will be propounded so that a response shall be received prior to the discovery cut-off date.

   ii. If a party chooses to move to compel any discovery response, said motion shall be filed by May 12, 2008.

   iii. If a party chooses to designate any expert witnesses, said designation shall be made by May 12, 2008 and any and all expert reports shall be served on or before that date.

   iv. If a party chooses to designate any rebuttal expert witnesses in response to the other party's initial expert witness designation, said designation shall be made by May 31, 2008, and any supplemental or rebuttal expert report in response to the other party's initial expert report shall be served on or before June 14, 2008.

LATHAM&WATKINS LLP OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

11

JOINT CASE MANAGEMENT STATEMENT,
JOINT RULE 26(F) REPORT, ETC.

      v.     The expert discovery cutoff in this case shall be June 30, 2008.

      vi.    If a party chooses to file a dispositive motion, said motion shall be filed on or before June 23, 2008.

      vii.   The last day for hearing a dispositive motion in this case shall be July 28, 2008.

      viii.  The joint proposed final pre-trial order in this case shall be filed by August 4, 2008.

      ix.    The pre-trial conference in this case shall be held on August 11, 2008.

      x.     The trial in this case shall be scheduled from August 25-26, 2008.

     3.    The parties agree to produce any electronically stored information in either its native form or in a form that meets *each* of the following four requirements: (1) a Concordance .dat file; (2) with single-page Group IV TIFF images (300 dpi); (3) in an Opticon image-link file; and (4) with multi-page OCR text files and/or extracted text. Recognizing that different file types may be better suited to different production formats, the parties agree to meet and confer further once the exact nature of the information to be exchanged is determined.

     4.    The parties agree that they will observe the guidelines set forth in the Supplemental Order pertaining to claims of privilege.

     5.    At this time, the parties do not propose any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Civil Local Rules of the Northern District of California, with one exception. The parties have conferred and agreed to allow Sinhdarella to take the deposition of Defendant Kevin Vu for two days of seven hours. Defendant likewise may take the Rule 30(b)(6) deposition of Sinhdarella for two days of seven hours. Because the parties have not yet exchanged initial disclosures or commenced discovery, the parties cannot determine at this time whether they will seek any additional changes to the discovery limits in the future and reserve the right to make such requests when and if warranted.

LATHAM&WATKINS LLP OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

12

JOINT CASE MANAGEMENT STATEMENT, JOINT RULE 26(F) REPORT, ETC.

1
2
3        6.   The parties agree that a protective order will be necessary to
4   preserve the confidentiality of certain documents, and they will submit a stipulated
5   protective order for the Court's consideration shortly.
6
7   DATED: November 21, 2007.
8
                                    LATHAM & WATKINS LLP
9
                                    By:      /s/
10                                         MICHAEL W. DEVRIES
11                                  Attorneys for Plaintiff Sinhdarella, Inc.
12  DATED: November 21, 2007.
13                                  LAW OFFICES OF CHRISTOPHER
                                    HAYS
14
15                                  By:      /s/
                                           CHRISTOPHER HAYS
16                                  Attorneys for Defendant Kevin Vu
17
18
19
20
21
22
23
24
25
26
27
28

LATHAM&WATKINS LLP OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

13   JOINT CASE MANAGEMENT STATEMENT,
     JOINT RULE 26(F) REPORT, ETC.

6. The parties agree that a protective order will be necessary to preserve the confidentiality of certain documents, and they will submit a stipulated protective order for the Court's consideration shortly.

DATED: November 21, 2007.

LATHAM & WATKINS LLP

By: _____
MICHAEL W. DEVRIES

Attorneys for Plaintiff Sinhdarella, Inc.

DATED: November 21, 2007.

LAW OFFICES OF CHRISTOPHER HAYS

By: _____
CHRISTOPHER HAYS

Attorneys for Defendant Kevin Vu

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
OC\921761.2

13   JOINT CASE MANAGEMENT STATEMENT, JOINT RULE 26(F) REPORT, ETC.

6. The parties agree that a protective order will be necessary to preserve the confidentiality of certain documents, and they will submit a stipulated protective order for the Court's consideration shortly.

DATED: November 21, 2007.

                                          LATHAM & WATKINS LLP

                                          By: _____
                                                MICHAEL W. DEVRIES

                                          Attorneys for Plaintiff Sinhdarella, Inc.

DATED: November 21, 2007.

                                          LAW OFFICES OF CHRISTOPHER HAYS

                                          By: _____
                                                CHRISTOPHER HAYS

                                          Attorneys for Defendant Kevin Vu

LATHAM&WATKINS<sup>LLP</sup> OC\921761.2
ATTORNEYS AT LAW
ORANGE COUNTY

13    JOINT CASE MANAGEMENT STATEMENT, JOINT RULE 26(F) REPORT, ETC.

1  IT IS HEREBY ORDERED that, pursuant to Rule 16(b) of the
2  Federal Rules of Civil Procedure and Civil Local Rule 16-10(b), and based on the
3  Case Management Conference held in this case at 11:00 a.m. on November 29,
4  2007, the Court adopts the schedule proposed by the parties and related matters as
5  outlined by the attached Joint Case Management Statement, with the following
6  modification(s):
7  _____
8  _____.
9
10  In addition, the Court orders: _____.
11
12  IT IS SO ORDERED.
13
14  DATED:  November __, 2007.
15
16
17  _____
   WILLIAM H. ALSUP
   United States District Judge
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 650 Town Center Drive, 20th Floor, Costa Mesa, CA 92626-1925.

On **November 21, 2007**, I served the following document described as:

## JOINT CASE MANAGEMENT STATEMENT; JOINT RULE 26(F) REPORT; AND [PROPOSED] CASE MANAGEMENT ORDER

by serving a true copy of the above-described document in the following manner:

### BY U.S. MAIL

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Christopher Hays, Esq.
Law Offices of Christopher Hays
One Embarcadero Center, Suite 500
San Francisco, California 94111

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 21, 2007**, at Costa Mesa, California.

*Deborah Rickert*
_____
Deborah Rickert