1   LATHAM & WATKINS LLP
2     Michael W. De Vries (SBN 211001)
       *mike.devries@lw.com*
3     Andrew Fossum (SBN 250373)
       *andrew.fossum@lw.com*
4   650 Town Center Drive, 20th Floor
    Costa Mesa, California  92626
5   Telephone:  (714) 540-1235
    Facsimile:  (714) 755-8290
6

7   Attorneys for Plaintiff
    SINHDARELLA, INC.
8

9                 UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

12  SINHDARELLA, INC., a California        CASE NO. C 07-04353 WHA
    corporation,
13                                         Honorable William H. Alsup
                    Plaintiff,
14                                         **PLAINTIFF SINHDARELLA, INC.'S**
          v.                               **NOTICE OF MOTION AND MOTION FOR**
15                                         **PRELIMINARY INJUNCTION;**
                                           **MEMORANDUM OF POINTS AND**
16  KEVIN VU, an individual, d/b/a/ THE    **AUTHORITIES IN SUPPORT**
    BOILING CRAB; and DOES 1 through 10,
17                                         [Declarations of Dada Ngo, Sinh Nguyen, Giang
                    Defendants.            Nguyen, Michael W. De Vries, Andrew Fossum,
18                                         Steven McFarland, and Appendices of Customer
                                           and Employee Declarations filed concurrently
19                                         herewith; Proposed Order lodged concurrently
                                           herewith]
20
                                           Date:        February 7, 2008
21                                         Time:        8:00 a.m.
                                           Location:    Courtroom 9
22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

2        PLEASE TAKE NOTICE that on February 7, 2008, at 8:00 a.m., or as soon

3    thereafter as counsel may be heard, in Courtroom 9, on the 19th Floor, of the above-entitled

4    Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiff Sinhdarella, Inc.

5    ("Sinhdarella") will, and does hereby, move this Court for an Order preliminarily enjoining

6    Defendant Kevin Vu d/b/a THE BOILING CRAB ("Defendant") from using the name "The

7    Boiling Crab" or any confusingly similar name, including the name "The Boiling Crawfish" in

8    connection with the operation of any restaurant or providing any related restaurant services.

9        This Motion is made on the grounds that:

10        (1)  Sinhdarella is likely to succeed on the merits of its trademark infringement

11    claims against Defendant and will experience irreparable injury if Defendant is not enjoined

12    from continuing to infringe Sinhdarella's trademark during the pendency of this action; and

13        (2)  Sinhdarella has at least demonstrated that the balance of hardships weighs

14    sharply in its favor.

15        This Motion is based upon this Notice of Motion and Motion, the attached

16    Memorandum of Points and Authorities, the concurrently filed Declaration of Dada Ngo,

17    Declaration of Sinh Nguyen, Declaration of Giang Nguyen, Declaration of Michael W. De Vries,

18    Declaration of Andrew Fossum, Declaration of Steven McFarland, Appendices of Customer and

19    Employee Declarations, the records and files herein, matters of which the Court may take

20    judicial notice, and on all such further evidence and argument as may be presented in connection

21    with this Motion.

22

23    Dated:  December 28, 2007

LATHAM & WATKINS LLP

24

25    By

Andrew Fossum, Esq.

26

27    Attorneys for Plaintiff
SINHDARELLA, INC.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF ISSUES TO BE DECIDED ................................................. 3

III.  STATEMENT OF FACTS ................................................................................. 3

  A.    Sinhdarella's THE BOILING CRAB Chain of Restaurants................................ 3

  B.    Defendant's "The Boiling Crab" Restaurant ....................................... 6

  C.    Actual Consumer Confusion Caused by Defendant .............................. 7

  D.    Sinhdarella's Attempts to Resolve This Dispute Amicably ................................ 9

  E.    The Increasing Scope of Defendant's Infringement .......................... 10

IV.   ARGUMENT ................................................................................................... 11

  A.    Legal Standard to Obtain a Preliminary Injunction ........................... 11

  B.    Sinhdarella Is Entitled to a Preliminary Injunction Because There Is No Question It Will Show Defendant Is Likely to and Has Caused Consumer Confusion................................................................ 12

  C.    The Balance of the Hardships Tips Sharply in Sinhdarella's Favor ................... 20

V.    REQUEST FOR RELIEF ............................................................................... 21

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

## CASES

4

*AMF, Inc. v. Sleekcraft Boats,*
    599 F.2d 341 (9th Cir. 1979) ................................................................ 18

5

*Brookfield Communs., Inc. v. West Coast Entertainment Corp.,*
6
    174 F.3d 1036 (9th Cir. 1999) .......................................... 12, 14, 15, 19

7

*Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc.,*
    659 F.2d 695 (5th Cir. 1981) ............................................................. 22

8

*Entrepreneur Media v. Smith,*
9
    279 F.3d 1135 (9th Cir. 2002) ........................................................... 17

10

*Goto.com, Inc. v. Walt Disney Co.,*
    202 F.3d 1199 (9th Cir. 2000) ..................................................... 11, 13

11

*In re Dixie Restaurants, Inc.,*
12
    105 F.3d 1405 (Fed. Cir. 1997) ......................................................... 14

13

*Nautilus Group, Inc. v. Icon Health and Fitness, Inc.,*
    372 F.3d 1330 (Fed. Cir. 2004) .................................................... 11, 20

14

*Newport Pacific Corp. v. Moe's Southwest Grill, LLC,*
15
    No. 05-995-K1, 2006 WL 2811905 (D. Or. Sept. 28, 2006) .............. 15

16

*Official Airline Guides v. Goss,*
    6 F.3d 1385 (9th Cir. 1993) .............................................................. 19

17

*Republic of the Phillipines v. Marcos,*
18
    862 F.2d 1355 (9th Cir. 1988) ........................................................... 11

19

## STATUTES

20

15 U.S.C. § 1115(a) ................................................................................ 17

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    **MEMORANDUM OF POINTS AND AUTHORITIES**

2  **I.    INTRODUCTION**

3         Dada Ngo and Sinh Nguyen, thirty-something year old husband and wife co-

4  founders and sole owners of Sinhdarella, Inc. (a corporate name derived from a combination of

5  their names), had a vision to bring freshly prepared Louisiana-style seafood to patrons of their

6  THE BOILING CRAB restaurant.  Through hard work, high quality and innovative food

7  offerings, a recognizable name, distinctive restaurant décor, and widespread media attention and

8  recognition throughout the United States (and abroad), Sinhdarella's THE BOILING CRAB

9  restaurants have enjoyed considerable success.  Starting from the opening of their first restaurant

10  in 2004 in California, Sinhdarella has managed to build a widespread chain of THE BOILING

11  CRAB restaurants, including three locations in California, two in Texas, and plans to expand to

12  other locations throughout the United States.

13         Unfortunately, others have sought to cash in on Sinhdarella's success and

14  nationwide attention by imitating Sinhdarella's THE BOILING CRAB restaurants.  While some

15  copycats have limited their efforts to cashing in on Sinhdarella's widespread recognition and

16  success by serving the same type of food that Sinhdarella serves, defendant Kevin Vu

17  ("Defendant") has not.  Defendant brazenly copied virtually every aspect of Sinhdarella's THE

18  BOILING CRAB restaurants, including by using precisely the same name, a clearly copied

19  menu, the interior look-and-feel, and even exactly the same hours of operation – all in a brazen

20  attempt to free-ride on the coattails of Sinhdarella's hard work by profiting from confused

21  consumers.

22         Although Defendant's attempt to emulate Sinhdarella's THE BOILING CRAB

23  restaurants falls short in terms of the quality of Defendant's food and services, it is effective

24  enough to have confused numerous consumers.  Consumers are understandably confused by the

25  virtually identical name, menu, hours, and efforts to replicate the interior décor of THE

26  BOILING CRAB.  Not surprisingly, consumers think that Defendant's San Jose restaurant called

27  "The Boiling Crab" is affiliated with Sinhdarella's THE BOILING CRAB restaurants, and they

28  go there expecting Sinhdarella's THE BOILING CRAB restaurant.  Instead, according to the

LATHAM&WATKINS⊔⊔
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

1

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    reviews of Defendant's restaurant, they are sorely disappointed.  The experience is so bad that

2    customers who have been to authentic THE BOILING CRAB restaurants often realize that

3    Defendant's restaurant could not be affiliated with THE BOILING CRAB, albeit only after being

4    lured into Defendant's restaurant by mistake.  Unfortunately, other customers leave Defendant's

5    restaurant believing that the substandard experience had at Defendant's restaurant was actually

6    offered by a legitimate THE BOILING CRAB restaurant, thereby irreparably damaging the

7    substantial consumer goodwill that Sinhdarella has, through hard work and ingenuity, built in its

8    THE BOILING CRAB restaurants.

9             Sinhdarella has tried without success to persuade Defendant to voluntarily stop

10   using Sinhdarella's THE BOILING CRAB trademark.  Unfortunately, Defendant ignored

11   Sinhdarella's repeated attempts to resolve this dispute without resorting to the courts, and

12   Sinhdarella was forced to file suit.  Even after filing suit, Sinhdarella continued to attempt to

13   persuade Defendant to voluntarily cease his infringement during the pendency of this action, but

14   Defendant engaged in dilatory tactics and persisted in his refusal to stop infringing Sinhdarella's

15   trademark.  Moreover, within the last month or so, Defendant has actually *increased* the scope of

16   his infringement by preparing to open another infringing restaurant in Sacramento and obtaining

17   a domain name to promote his infringing restaurants.

18            At this point, it is clear that Sinhdarella's only recourse for protecting its valuable

19   trademark from further irreparable harm during the pendency of this action is to seek a

20   preliminary injunction from the Court.  Defendant has clearly demonstrated that any other course

21   of action would be futile.  Every day that goes by, Sinhdarella suffers additional injury from the

22   diversion of customers and damage to the goodwill associated with its THE BOILING CRAB

23   trademark caused by Defendant's continuing infringement.  That injury is only increasing with

24   Defendant's expansion of his infringing activities.  Because there is no question that Sinhdarella

25   will prevail on the merits of its trademark infringement claims, and because the balance of

26   hardships tips decidedly in Sinhdarella's favor, Sinhdarella respectfully requests that the Court

27   grant Sinhdarella's request for preliminary injunctive relief.  If Defendant is not enjoined from

28

1  continuing to infringe Sinhdarella's trademark during the pendency of this action, Sinhdarella

2  will suffer irreparable harm to its business reputation and future.

3  **II.    STATEMENT OF ISSUES TO BE DECIDED**

4       Whether Sinhdarella is entitled to a preliminary injunction enjoining Defendant

5  from continuing to infringe Sinhdarella's trademark during the pendency of this action where

6  1) Sinhdarella has demonstrated that it is likely to succeed on the merits of its trademark

7  infringement claims by showing a clear likelihood of confusion caused by Defendant's blatant

8  trademark infringement; and 2) Defendant's use of Sinhdarella's THE BOILING CRAB mark

9  has already caused significant actual confusion among consumers and irreparably harmed

10  Sinhdarella, tipping the balance of hardships sharply in Sinhdarella's favor.

11  **III.    STATEMENT OF FACTS**

12       **A.    Sinhdarella's THE BOILING CRAB Chain of Restaurants**

13       Sinhdarella is a corporation organized and existing under the laws of the State of

14  California, with its principal headquarters located in Fountain Valley, California.  (Declaration of

15  Dada Ngo ("Ngo Dec.") at ¶ 2.)  Sinhdarella was founded by wife and husband, Dada Ngo,

16  President and Sinh Nguyen, Secretary.  (Ngo Dec. at ¶ 1; Declaration of Sinh Nguyen ("S.

17  Nguyen Dec.") at ¶ 1.)  Sinhdarella operates a chain of restaurants under the trademark THE

18  BOILING CRAB, which Sinhdarella has used continuously since at least as early as 2003, and

19  offers restaurant services and related products and services under that trademark.  (Ngo Dec. at

20  ¶ 3.)  Sinhdarella is also the owner of United States Trademark Registration Number 3,256,219

21  for the mark THE BOILING CRAB in connection with restaurant services in International Class

22  43.  (Declaration of Michael W. De Vries ("De Vries Dec.") at ¶ 2, Ex. A.)

23       Sinhdarella's THE BOILING CRAB restaurants offer Louisiana-style seafood,

24  including blue crab, oysters, Dungeness crab, shrimp, and crawfish seasoned with THE

25  BOILING CRAB restaurants' distinctive blends of spices and seasonings.  (Ngo Dec. at ¶ 4.)

26  Customers of THE BOILING CRAB restaurants are treated to a one-of-a-kind dining experience

27  pioneered and provided by Sinhdarella, characterized by the innovative food presentations,

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

3

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1   unique menus, and distinctive restaurant décor of THE BOILING CRAB restaurants.  (*Id*. at

2   ¶¶ 5-8.)

3           Sinhdarella has expended considerable time, effort, and money promoting and

4   advertising its chain of THE BOILING CRAB restaurants, further contributing to the recognition

5   and success of THE BOILING CRAB chain of restaurants.  Today, Sinhdarella continues to

6   promote and advertise its THE BOILING CRAB restaurants through traditional advertising

7   channels.  (*See*, *e.g.*, *id*. at ¶¶ 9-10, Ex. E & F.)  Sinhdarella also promotes its THE BOILING

8   CRAB restaurants through its extensive use of THE BOILING CRAB mark on T-shirts, hats,

9   bibs, business cards, promotional gift cards, and even crab mallets.  (*Id*. at ¶¶ 17-23, Ex. L, M, N,

10  O, P Q, & R.)

11          In addition to traditional advertising channels, Sinhdarella has used the trademark

12  THE BOILING CRAB extensively on the Internet and, as a result, Sinhdarella's THE BOILING

13  CRAB trademark has also developed a strong, nationwide Internet presence and recognition by

14  consumers who use the Internet.  Sinhdarella is the registrant of various domain names

15  incorporating, in whole or in part, its THE BOILING CRAB trademark, including

16  theboilingcrab.com and boilingcrab.com.  (*Id*. at ¶ 11.)  Sinhdarella owns and operates a website

17  at these domain names in order to promote and provide consumers with information concerning

18  Sinhdarella's THE BOILING CRAB restaurant chain.  (*Id*. at ¶ 12, Ex. G.)  Sinhdarella's website

19  makes extensive use of THE BOILING CRAB trademark and embodies part of the unique look-

20  and-feel of THE BOILING CRAB restaurants.  (*Id*.)

21          In addition to owning and operating a THE BOILING CRAB website at

22  theboilingcrab.com, Sinhdarella also uses its trademark THE BOILING CRAB extensively on

23  the internet through the popular social networking site, myspace.com.  (*Id*. at ¶ 13, Ex. H.)  In

24  particular, Sinhdarella maintains a page at myspace.com/theboilingcrab in order to further

25  promote its THE BOILING CRAB trademark and to provide information about and further

26  promote its chain of THE BOILING CRAB restaurants.  (*Id*.)

27          Sinhdarella's THE BOILING CRAB chain of restaurants has become extremely

28  well known and well respected among consumers, who have come to associate Sinhdarella's

1   THE BOILING CRAB trademark with Sinhdarella's THE BOILING CRAB restaurants and

2   their distinctive dining experience.  Sinhdarella's THE BOILING CRAB restaurants have also

3   received unsolicited attention from, and positive recognition by, the media, which has further

4   contributed to consumers' widespread recognition of Sinhdarella's THE BOILING CRAB

5   restaurants.  Examples of media coverage of Sinhdarella's include pieces in LA Weekly, Orange

6   County Weekly, and Internet blog sites.  (*Id*. at ¶¶ 24-26, Ex. S, T, & U.)  Sinhdarella's THE

7   BOILING CRAB restaurants have also received positive reviews on the Internet restaurant

8   review site Yelp.com.  (Declaration of Andrew Fossum ("Fossum Dec.") at ¶ 2.)

9           In addition to widespread recognition of Sinhdarella's THE BOILING CRAB

10  restaurants by consumers, THE BOILING CRAB restaurants also enjoy a particularly large

11  following among the Vietnamese-American community in the United States.  Shortly after

12  opening, Viet Thao, an extremely popular emcee for a series of DVDs viewed widely in the

13  Vietnamese-American community throughout the United States, visited the original THE

14  BOILING CRAB location opened by Sinhdarella.  (Ngo Dec. at ¶ 30, Ex. V.)  Because he

15  enjoyed his experience there, Mr. Thao offered to include a segment about Sinhdarella's THE

16  BOILING CRAB restaurants on his upcoming DVD entitled, "Van Son in Little Saigon 2."  (*Id*.)

17  This DVD, obtained by Sinhdarella in the first half of 2006 (apparently released in 2005) and

18  distributed throughout the United States, gave significant exposure to THE BOILING CRAB

19  restaurants in the Vietnamese-American community throughout the United States, and after its

20  release, Sinhdarella received numerous inquiries about THE BOILING CRAB restaurants from

21  throughout California, including San Jose, San Diego and Los Angeles.  (*Id*.)

22          Early in 2007, SaigonTV approached Sinhdarella and asked if it would be willing

23  to appear in SaigonTV's "What's Hot" segment covering the growing popularity of crawfish

24  restaurants among the Vietnamese-American community inspired by Sinhdarella's THE

25  BOILING CRAB restaurants.  (*Id*. at ¶ 31, Ex. W.)  SaigonTV informed Sinhdarella that it

26  understood that Sinhdarella was the "pioneer" of its type of crawfish restaurant.  (*Id*.)  This

27  segment again put the spotlight on Sinhdarella and its THE BOILING CRAB trademark and

28  highlighted THE BOILING CRAB's place in the Vietnamese-American community as a pioneer

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

5

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1   of the rapidly growing "cajun-food or crawfish restaurant." (*Id.*) Once again, homes all across

2   the United States were exposed to THE BOILING CRAB restaurants, only this time on cable

3   television in English rather than a Vietnamese-language DVD. (*Id.*)

4      Based on the huge popularity and success of Sinhdarella's THE BOILING CRAB

5   restaurants, Sinhdarella has expanded its chain of THE BOILING CRAB restaurants from its

6   original location in Garden Grove, California to include locations throughout the United States,

7   including three THE BOILING CRAB restaurants in California; a THE BOILING CRAB

8   restaurant in Houston, Texas; and a THE BOILING CRAB restaurant which will open in the

9   near future in Dallas, Texas. (*Id.* at ¶ 32.) Sinhdarella is also actively exploring further

10  expansion of its chain of THE BOILING CRAB restaurants to additional locations throughout

11  the United States, including Seattle, Washington; Richmond, Virginia; and additional locations

12  in California, including the Bay Area. (Ngo Dec. at ¶¶ 27-29; S. Nguyen Dec. at ¶¶ 2-9.)

13    **B.**  **Defendant's "The Boiling Crab" Restaurant**

14     Defendant is an individual who currently operates a restaurant in San Jose,

15  California under the name "The Boiling Crab." (De Vries Dec. at ¶ 3, Ex. B.) Defendant opened

16  and began operating his restaurant recently, several years after Sinhdarella first began using its

17  THE BOILING CRAB trademark and distinctive trade dress. Defendant's "The Boiling Crab"

18  restaurant imitates in all material respects not only the name, but also the distinctive trade dress,

19  of Sinhdarella's THE BOILING CRAB restaurants. (*See, e.g.*, Declaration of Giang Nguyen

20  ("G. Nguyen Dec.") at ¶ 9, Ex. B, C, & D.)

21     Defendant uses Sinhdarella's THE BOILING CRAB mark in connection with his

22  restaurant even though Defendant does not have any affiliation with, or authorization from,

23  Sinhdarella. (Ngo Dec. at ¶ 33.) The name "The Boiling Crab" appears on the exterior signage

24  of Defendant's restaurant, on Defendant's menus, and on Internet sites referring to Defendant's

25  restaurant such as the Internet restaurant review site Yelp.com. (G. Nguyen Dec. at ¶ 9, Ex. B &

26  D; De Vries Dec., Ex. F.)

27     Defendant's restaurant further imitates Sinhdarella's THE BOILING CRAB

28  restaurants by offering precisely the same types of food offered by Sinhdarella's THE BOILING

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

6

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1   CRAB restaurant and by copying the unique trade dress used by Sinhdarella's THE BOILING

2   CRAB restaurants.  Defendant's menu is virtually an identical copy of the menu used by

3   Sinhdarella around the time that Defendant opened his "The Boiling Crab" restaurant.  (*Compare*

4   G. Nguyen Dec., Ex. D *with* Ngo Dec., Ex. A.)  As can be seen by comparing the menus,

5   Defendant's menu is the exact same shape (rectangular), size (4.25"x11"), and color (orange) as

6   the menu for Sinhdarella's THE BOILING CRAB restaurants used around the time that

7   Defendant opened his infringing restaurant.  (*Id.*)  Additionally, Defendant's menu offers the

8   same five entrees (crab, oysters (raw), crab, crawfish, and shrimp), two of the same extras in the

9   same order (corn and sausage), and the same drinks in the same order (soda, bottled water,

10  domestic beer, and imported beer) as does Sinhdarella's THE BOILING CRAB menu.  (*Id.*)  In

11  fact, Defendant's imitation of Sinhdarella's THE BOILING CRAB restaurants is so complete

12  that Defendant even advertises precisely the same hours of operation as those used by

13  Sinhdarella's THE BOILING CRAB restaurants:  Mon-Fri 3:00 pm-10:00 pm and Sat-Sun 12:00

14  pm-10:00 pm!  (*Id.*)

15          The similarities between Defendant's restaurant and Sinhdarella's THE BOILING

16  CRAB restaurants do not stop at Defendant's use of the same name and a clearly copied menu.

17  As can be seen by comparing the interior of Defendant's restaurant with a copy of the interior of

18  a genuine Sinhdarella THE BOILING CRAB restaurant, Defendant's restaurant also imitates the

19  unique trade dress of Sinhdarella's THE BOILING CRAB restaurants.  (*Compare* G. Nguyen

20  Dec., Ex. C *with* Ngo Dec., Ex. C.)  Defendant's restaurant copies the overall look and feel of the

21  interior of Sinhdarella's THE BOILING CRAB restaurants, imitating the color of the walls, the

22  signs on the walls, the hanging of fishing nets on the walls, affixing sculptures of red-colored

23  crustaceans on the walls, and even the configuration of the tables and chairs.  (*Id.*)

24      **C.    Actual Consumer Confusion Caused by Defendant**

25          Not surprisingly, given Defendant's wholesale counterfeiting of Sinhdarella's

26  genuine THE BOILING CRAB restaurants, Defendant's imitation of Sinhdarella's THE

27  BOILING CRAB restaurants and unauthorized use of THE BOILING CRAB trademark and

28  Sinhdarella's distinctive trade dress has already caused significant actual confusion among

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

7

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    consumers.  Despite the limited discovery in this action to date, Sinhdarella already possesses

2    substantial evidence of actual consumer confusion caused by Defendant's use of Sinhdarella's

3    trademark.  Various consumers including Uyen Tran, Thuy Weisshaut, Nina Ngo, Lan Vu, and

4    Kayla Nguyen, declarations from whom are filed herewith, have informed Sinhdarella that they

5    visited Defendant's restaurant in San Jose mistakenly thinking that Defendant's "The Boiling

6    Crab" restaurant was affiliated with Sinhdarella's THE BOILING CRAB restaurants.  (Appendix

7    of Customer Declarations, Ex. A-E (collectively "Customer Decs.").)  These consumers, who

8    were familiar with the authentic THE BOILING CRAB restaurants, quickly suspected that

9    Defendant's restaurant was not an authorized THE BOILING CRAB restaurant, given the low

10   quality of Defendant's food, but only after being lured into Defendant's restaurant.  (*Id*.)

11          This confusion is consistent with that reported by other consumers to

12   Sinhdarella's employees at THE BOILING CRAB restaurants.  As early as 2006, employees at

13   Sinhdarella's THE BOILING CRAB began hearing from customers that they thought the San

14   Jose restaurant operating under the name "The Boiling Crab" was affiliated with Sinhdarella's

15   THE BOILING CRAB restaurants.  (*See* Appendix of Employee Declarations, Ex. A-N

16   (collectively "Employee Decs.").)  Even though Sinhdarella's employees have attempted to

17   correct the confusion at every opportunity, these incidents of confusion caused by Defendant's

18   unauthorized use of THE BOILING CRAB trademark continue to this date.  (*Id*.)

19          Unfortunately, some customers of Defendant's restaurant have not only expressed

20   confusion; they have also complained to *Sinhdarella* about the low quality of *Defendant's*

21   restaurant.  For example, one customer asked a THE BOILING CRAB employee to explain why

22   Defendant's restaurant never has crab in stock.  (Appendix of Employee Declarations, Ex. E at

23   ¶ 3.)  Other customers have said that they got sick at Defendant's restaurant and associated that

24   unpleasant experience with Sinhdarella's THE BOILING CRAB restaurants.  (Appendix of

25   Employee Declarations, Ex. I at ¶ 3.)  Another customer said he had tried "the San Jose location"

26   and "it sucked."  (Appendix of Employee Declarations, Ex. L at ¶ 3.)  Yet another customer

27   described being deceived into thinking Defendant's restaurant and Sinhdarella's restaurants were

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

8

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1  affiliated specifically because of the similar menu and décor of the Defendant's restaurant.

2  (Appendix of Employee Declarations, Ex. M at ¶ 3.)

3        Consumers have also expressed their confusion over Defendant's use of

4  Sinhdarella's THE BOILING CRAB trademark via the Internet.  For example, on January 17,

5  2007, Sinhdarella received an email to its Yahoo! mail account from a customer who was

6  confused that Defendant's "The Boiling Crab" was affiliated with "the ones in Orange County."

7  (Ngo Dec. at ¶ 14.)

8      **D.**     **Sinhdarella's Attempts to Resolve This Dispute Amicably**

9        Prior to filing suit, Sinhdarella made every effort to persuade Defendant to

10  voluntarily cease using Sinhdarella's trademark.  On October 2, 2006, Sinhdarella sent the first

11  of many letters asking Defendant to stop infringing its trademark rights.  (Ngo Dec. at ¶ 15,

12  Ex. J.)  Defendant did not respond to this letter.

13        On May 22, 2007, counsel for Sinhdarella sent another letter to Defendant

14  objecting to Defendant's unauthorized use of Sinhdarella's THE BOILING CRAB trademark.

15  (De Vries Dec. at ¶ 4, Ex. C.)  That letter demanded, among other things, that Defendant

16  immediately stop using the trademark THE BOILING CRAB.  (*Id*.)

17        On June 26, 2007, having not heard anything from Defendant in response to the

18  October 2, 2006 or May 22, 2007 letters, counsel for Sinhdarella sent another letter to Defendant,

19  again objecting to Defendant's unauthorized use of Sinhdarella's THE BOILING CRAB

20  trademark and repeating the demands contained in the May 22, 2007 letter.  (*Id*. at ¶ 5, Ex. D.)

21        On July 23, 2007, still having not heard anything from Defendant in response to

22  any of the other three letters, counsel for Sinhdarella sent another letter to Defendant – this time

23  by hand delivery directly to Defendant's restaurant – again objecting to Defendant's

24  unauthorized use of Sinhdarella's THE BOILING CRAB trademark and once again repeating the

25  demands contained in Sinhdarella's May 22, 2007 letter.  (*Id*. at ¶ 6, Ex. E.)

26        Despite Sinhdarella's repeated demands that Defendant stop his blatant

27  infringement of Sinhdarella's THE BOILING CRAB trademark, Defendant completely ignored

28  Sinhdarella's efforts to reach an informal resolution of this matter and continued, unabashedly,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

9

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    with his brazen infringement of Sinhdarella's THE BOILING CRAB trademark and trade dress

2    rights.  Consequently, Sinhdarella was forced to file this lawsuit asserting claims for trademark

3    and trade dress infringement against Defendant on August 23, 2007.

4           Sinhdarella's efforts to resolve this suit amicably did not stop after the complaint

5    was filed.  On September 12, 2007, Defendant finally obtained counsel and filed an answer

6    shortly thereafter.  Almost immediately after Defendant's answer was filed, Defendant's counsel

7    withdrew, and Defendant opted to proceed *pro se*.  Over the next few months, counsel for

8    Sinhdarella attempted to make progress in this the litigation and to get Defendant to agree to stop

9    using the name "The Boiling Crab."  Although the parties scheduled a Rule 26(f) conference on

10   September 24, 2007, Defendant unilaterally cancelled the conference a few hours before it was

11   scheduled.  (De Vries Dec. at ¶ 8, Ex. G.)  Defendant then delayed any progress in this litigation

12   by refusing to participate in the Rule 26(f) conference until the last possible day, November 9,

13   2007, at one point writing to counsel for Sinhdarella that "i am ignoring your questions and

14   demands, bc i think u r crazy."  (*Id.* at ¶ 9, Ex. H.)  On November 8, 2007, Defendant again

15   retained counsel to represent him in this action.

16          During this time, Defendant temporarily changed the name of his San Jose

17   restaurant from "The Boiling Crab" to "The Boiling Crawfish."  (Declaration of Steve

18   McFarland ("McFarland Dec.") at ¶ 2, Ex. A.)  However, counsel for Defendant recently

19   explained that he advised Defendant to resume use of the name "The Boiling Crab."  (De Vries

20   Dec. at ¶ 10.)  Counsel for Defendant later confirmed that Defendant had indeed resumed using

21   the name "The Boiling Crab" in connection with his San Jose restaurant.  (Fossum Dec., Ex. E at

22   1.)

23          **E.    The Increasing Scope of Defendant's Infringement**

24          Based on rumors that Defendant was preparing to open a second restaurant in

25   Sacramento, California, counsel for Sinhdarella asked Defendant (at a time when Defendant was

26   appearing pro se) whether Defendant had any plans to open another restaurant, during a phone

27   conversation with Defendant.  (De Vries Dec. at ¶ 11.)  During that conversation, Defendant told

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

10

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1  Sinhdarella's counsel that he had lied to his suppliers about starting a second restaurant to get

2  better prices.  (*Id*.)

3          In fact, Defendant *did* have plans to open a restaurant in Sacramento, under the

4  name "The Boiling Crawfish."  (McFarland Dec. at ¶ 3, Ex. B, C, & D.)  A sign outside this

5  restaurant states that it will open on December 21, 2007.  (*Id*., Ex. C.)  To promote the new

6  restaurant, Defendant also appears to have asked an associate named in his initial disclosures,

7  Mr. Bryan Bao, to register the domain name www.theboilingcrawfish.com.  (Fossum Dec.,

8  Ex. C.)  The website appearing at www.theboilingcrawfish.com contains an explicit reference to

9  "The Boiling Crab."  (*Id*., Ex. D.)

10  **IV.    ARGUMENT**

11          **A.    Legal Standard to Obtain a Preliminary Injunction**

12          Sinhdarella seeks to enjoin Defendant's willful trademark infringement by

13  prohibiting Defendant's use of Sinhdarella's common law and federally registered THE

14  BOILING CRAB mark or any confusingly similar mark, in connection with the operation of any

15  restaurant or providing restaurant services.  To obtain a preliminary injunction, Sinhdarella need

16  only demonstrate "either (1) a combination of probable success on the merits and the possibility

17  of irreparable injury or (2) the existence of serious questions going to the merits and that the

18  balance of hardships tips sharply in its favor."  *Goto.com, Inc. v. Walt Disney Co.*, 202 F.3d

19  1199, 1205 (9th Cir. 2000) (internal citations omitted).

20          To show probable success on the merits, a plaintiff alleging trademark

21  infringement must establish that it is likely to be able to show a likelihood of confusion between

22  the marks.  *Id*.  If successfully demonstrated, irreparable injury to the plaintiff may be presumed.

23  *Nautilus Group, Inc. v. Icon Health and Fitness, Inc.*, 372 F.3d 1330, 1334 (Fed. Cir. 2004).

24  Alternatively, Sinhdarella is entitled to a preliminary injunction if it can show that the balance of

25  hardships tips sharply in its favor.  Notably, "[t]hese are not two distinct tests, but rather opposite

26  ends of a single continuum in which the required showing of harm varies inversely with the

27  required showing of meritoriousness."  *Republic of the Phillipines v. Marcos*, 862 F.2d 1355,

28  1362 (9th Cir. 1988) (internal citation and quotation marks omitted).  As set forth below,

1   Sinhdarella is entitled to a preliminary injunction because it can make the requisite showing at

2   either end of the continuum.

3          **B.**       **Sinhdarella Is Entitled to a Preliminary Injunction Because There Is No**

4                  **Question It Will Show Defendant Is Likely to and Has Caused Consumer**

5                  **Confusion**

6          As noted, to succeed on a claim of trademark infringement, a plaintiff must show

7   a likelihood of confusion between the marks at issue.  In the Ninth Circuit, an eight-factor test is

8   employed to determine whether there is a likelihood of confusion in trademark infringement

9   cases.  The factors considered are:  (1) similarity of the marks; (2) proximity or relatedness of the

10  goods or services; (3) strength of plaintiff's mark; (4) marketing channels; (5) the degree of care

11  likely to be exercised by purchasers; (6) defendant's intent; (7) evidence of actual confusion; and

12  (8) likelihood of expansion.  *Brookfield Communs., Inc. v. West Coast Entertainment Corp.*, 174

13  F.3d 1036, 1054 (9th Cir. 1999).  "Some factors are much more important than others and the

14  relative importance of each individual factor will be case-specific."  *Id*.  Further, "it is often

15  possible to reach a conclusion with respect to likelihood of confusion after considering only a

16  subset of the factors."  *Id*.  In fact, where the marks are identical and "used with identical

17  products or services likelihood of confusion would follow as a matter of course."  *Id*. at 1056.

18  As discussed below, this is precisely the situation presented to the Court in the instant case.

19  Hence, Defendant's use of Sinhdarella's THE BOILING CRAB trademark creates a clear

20  likelihood of confusion, and Sinhdarella will certainly prevail on the merits of its claims.

21         The name of Defendant's restaurant is precisely the same as Sinhdarella's THE

22  BOILING CRAB mark.  Moreover, Defendant's restaurant is virtually identical in every other

23  respect, offering the exact same types of food and emulating the same interior décor as

24  Sinhdarella's THE BOILING CRAB restaurants.  According to *Brookfield*, these facts alone

25  should be sufficient to establish a likelihood of confusion.  *Id*.  Nevertheless, every other factor

26  likewise weighs in favor of a finding of a likelihood of confusion and therefore a preliminary

27  injunction should be granted.

28

1    **Similarity of the Marks.**  "Obviously, the greater the similarity between the two

2    marks at issue, the greater the likelihood of confusion."  *Goto.com*, 202 F.3d at 1206.  *The marks*

3    *at issue in this case are identical*.  Sinhdarella is the owner of a federally registered standard

4    character mark for "THE BOILING CRAB."  (De Vries Dec., Ex. A.)  In addition, Sinhdarella

5    has established common law rights throughout the United States by using the mark THE

6    BOILING CRAB in connection with restaurant services since at least as early as 2004.  (Ngo

7    Dec. at ¶¶ 3 & 16.)  Sinhdarella uses its THE BOILING CRAB mark on the exterior of its

8    restaurants; on its menus; on promotional materials such as T-shirts, hats, gift cards, business

9    cards, and crab mallets; throughout the Internet including on its website, myspace.com page, and

10   third party websites such as Yelp.com; and in its advertising and marketing collateral.  (*Id.* at

11   ¶¶ 5-6, 9-13 & 16-23; Fossum Dec., Ex. A.)  Sinhdarella has also received unsolicited media

12   attention from sources as the "Van Son in Little Saigon 2" DVD distributed throughout the

13   United States from as far back as 2005.  (Ngo Dec. at ¶ 30, Ex. V.)

14   Defendant also uses Sinhdarella's trademark – a sign bearing the name "The

15   Boiling Crab" – on the exterior of his restaurant located at 393 N. Capitol Ave., San Jose, CA

16   95133.[1]  (G. Nguyen Dec. at ¶ 9, Ex. B.)  Defendant uses Sinhdarella's THE BOILING CRAB

17   trademark on his menus.  (*Id.* at ¶ 9, Ex. D.)  Defendant's use of Sinhdarella's THE BOILING

18   CRAB trademark also extends to the Internet, where it is used to refer to Defendant's infringing

19   restaurant in virtual juxtaposition to Sinhdarella's THE BOILING CRAB trademark on the

20   website Yelp.com.  (De Vries Dec., Ex. F.)

21   Although Defendant's exterior sign employs a slightly different font than

22   Sinhdarella's exterior signs, this exceedingly minor difference is immaterial, including because

23   _____

24   [1]  For a short period of time from about September 2007 to December 2007, Defendant altered
     the exterior sign on his restaurant to read "The Boiling Crawfish" instead of "The Boiling

25   Crab".  (*See*, *e.g.*, McFarland Dec. at ¶ 2, Ex. A.)  During this time, Sinhdarella believes that
     Defendant continued to use the name "The Boiling Crab" on its menus.  Regardless,

26   Sinhdarella maintains that the name "The Boiling Crawfish" is confusingly similar to its
     THE BOILING CRAB trademark.  In any event, Defendant has resumed use of the name

27   "The Boiling Crab" and has stated an intent to continue that use.  (Fossum Dec., Ex. E.)
     Accordingly, Sinhdarella has focused this motion on Defendant's use of the name "The

28   Boiling Crab."

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

13

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    "restaurants are often recommended by word of mouth and referred to orally, [so] it is the word

2    portion of [a] mark which is more likely to be impressed on the consumer's memory." *In re*

3    *Dixie Restaurants, Inc*., 105 F.3d 1405, 1407 (Fed. Cir. 1997).  In addition, "the marks must be

4    considered in their entirety and as they appear in the marketplace." *Brookfield*, 174 F.3d at 1054.

5    In many places where consumers are exposed to the mark at issue, such as restaurant reviews,

6    phone listings, and on Internet sites like Yelp.com, Defendant's infringing use of Sinhdarella's

7    mark is indistinguishable from Sinhdarella's use of its mark.  Finally, when evaluating the

8    similarity of the marks, "similarities [are] weighed more heavily than differences." *Id.*  Under

9    this standard, minor differences in font appearing only on the exterior signage of Defendant's

10    restaurant are wholly insufficient to overcome the inescapable fact that the name of Defendant's

11    restaurant, "The Boiling Crab," is identical to Sinhdarella's THE BOILING CRAB trademark.

12    Accordingly, this factor weighs heavily in favor of finding a likelihood of confusion.

13         **Proximity or Relatedness of the Goods or Services.**  "[T]he more closely

14    related the goods are, the more likely consumers will be confused by similar marks."

15    *Entrepreneur Media v. Smith*, 279 F.3d 1135, 1147 (9th Cir. 2002).  As with the name used by

16    Defendant, the services offered by Defendant's restaurant are in all material respects identical to

17    those offered by Sinhdarella's THE BOILING CRAB restaurants.  The only differentiating

18    factor – the apparently lower quality of Defendant's food – serves only to damage Sinhdarella's

19    reputation, rather than to alleviate confusion.

20         Defendant's restaurant emulates virtually every aspect of Sinhdarella's THE

21    BOILING CRAB restaurants, from the food that is sold to the look-and-feel of the establishment.

22    First, Defendant's menu offers the same five entrees (crab, oysters (raw), crab, crawfish, and

23    shrimp), two of the same extras in the same order (corn and sausage), and the same drinks in the

24    same order (soda, bottled water, domestic beer, and imported beer) as does Sinhdarella's THE

25    BOILING CRAB menu.  (*Compare* G. Nguyen Dec., Ex. D *with* Ngo Dec., Ex. A.)  Second,

26    Defendant's restaurant also mimics the overall, nonfunctional configuration of Sinhdarella's

27    THE BOILING CRAB restaurants, including by imitating the color of the walls, the signs on the

28    walls, the hanging of fishing nets on the walls, affixing sculptures of red-colored crustaceans on

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

14

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1    the walls, the configuration of the tables and chairs, and the overall look-and-feel of the

2    restaurant.  (G. Nguyen Dec., Ex. C *with* Ngo Dec., Ex. C.)  Third, Defendant's menu is virtually

3    an identical copy of the menu used by Sinhdarella around the time that Defendant opened his

4    "The Boiling Crab" restaurant.  (*Compare* G. Nguyen Dec., Ex. D *with* Ngo Dec., Ex. A.)

5    Defendant's menu is the exact same shape (rectangular), size (4.25"x11"), and color (orange) as

6    the menu for Sinhdarella's THE BOILING CRAB restaurants used around the time that

7    Defendant opened his infringing restaurant.  (*Id.*)  Fourth, Defendant's prices for most menu

8    items are the same as Sinhdarella's and in the same general price range for the remainder of the

9    menu items.  (*Id.*)  Fifth, Defendant's imitation of Sinhdarella's THE BOILING CRAB

10    restaurants is so complete that Defendant even copied precisely the same hours of operation as

11    those used by Sinhdarella's THE BOILING CRAB restaurants:  Mon-Fri 3:00 pm-10:00 pm and

12    Sat-Sun 12:00 pm-10:00 pm.  (*Id.*)

13                In summary, Defendant operates a restaurant with the exact same name, selling

14    the exact same food at the same prices with the same interior décor as Sinhdarella's restaurants.

15    The fact that Defendant offers the same type of food under the same name should alone be

16    sufficient to establish a likelihood of confusion.  *See Brookfield*, 174 F.3d at 1056 (likelihood of

17    confusion follows as a matter of course when the same mark is used on identical products or

18    services).  Moreover, Defendant's imitation of the other aspects of Sinhdarella's THE BOILING

19    CRAB restaurants provides additional compelling evidence that consumer confusion is not only

20    likely, but follows as a matter of course.  *See, e.g.*, *Newport Pacific Corp. v. Moe's Southwest*

21    *Grill, LLC*, No. 05-995-K1, 2006 WL 2811905, at *12-13 (D. Or. Sept. 28, 2006) (noting that

22    look-and-feel of two restaurants is relevant to the relatedness of the goods).  Coupled with the

23    precise similarity of the marks, this factor should be dispositive in Sinhdarella's favor on the

24    issue of likelihood of confusion.  At a minimum, it too weighs heavily in favor of finding a

25    likelihood of confusion.

26                **Evidence of Actual Confusion.**  The Court need not rely on a presumption that

27    Defendant can accomplish his goal to confuse consumers; even prior to obtaining discovery from

28    Defendant, Sinhdarella has produced significant evidence of instances of actual confusion in the

1   form of declarations from consumers, a consumer email, and declarations from employees

2   reporting instances of consumer confusion.  The consumer declarations produced by Sinhdarella

3   compellingly establish that Defendant's strategy of operating under a name identical to

4   Sinhdarella's THE BOILING CRAB trademark has effectively taken advantage of the

5   substantial goodwill established by Sinhdarella by confusing unsuspecting consumers.  (*See*

6   Customer Decs.)  On the numerous occasions discussed in the declarations and likely many other

7   occasions currently unknown to Sinhdarella, Defendant obtained business by deceiving

8   customers into believing that they would receive the experience that they have come to expect

9   from Sinhdarella's THE BOILING CRAB restaurants.  (*Id.*; *see also* Appendix of Employee

10  Declarations, Ex. M at ¶ 3 (relaying a customer report describing being tricked specifically by

11  the similar menu and décor).)

12          In addition to the consumer declarations submitted by Sinhdarella in support of

13  this motion, Sinhdarella's employees also report significant evidence that Defendant's restaurant

14  has caused a massive amount of consumer confusion.  From 2006 until the present, numerous

15  customers have been expressing confusion to Sinhdarella's employees concerning the perceived

16  relationship between Sinhdarella's THE BOILING CRAB restaurants and Defendant's

17  infringing restaurant.  (*See* Employee Decs.)  In addition to confusion, Sinhdarella's employees

18  have witnessed firsthand the damage that Defendant's substandard service and food have caused

19  to the impeccable reputation of Sinhdarella's THE BOILING CRAB restaurants. (Appendix of

20  Employee Declarations, Ex. E at ¶ 3; Ex. I at ¶ 3; & Ex. L at ¶ 3.)

21          Consumer confusion has also extended to the Internet.  For example, in January

22  2007, Sinhdarella received an email from a consumer inquiring whether Defendant's restaurant

23  was affiliated with Sinhdarella's THE BOILING CRAB restaurants.  (Ngo Dec. at ¶ 14, Ex. I.)

24          Given the significant evidence of actual confusion caused by Defendant's

25  infringement that Sinhdarella has been able to compile even at this early stage of the litigation, it

26  is likely that Sinhdarella will ultimately be able to introduce overwhelming evidence of actual

27  confusion by the time of trial.  Because "[e]vidence of actual confusion is strong evidence that

28

1    future confusion is likely," this factor weighs heavily in favor of finding a likelihood of

2    confusion.  *Entrepreneur*, 279 F.3d at 1150.

3            **Defendant's Intent.**  "Intent to deceive is strong evidence of a likelihood of

4    confusion."  *Entrepreneur*, 279 F.3d at 1148.  "When the alleged infringer knowingly adopts a

5    mark similar to another's, reviewing courts presume that the defendant can accomplish his

6    purpose: that is, that the public will be deceived."  *Id.*

7            As discussed above, Defendant uses the exact same name as Sinhdarella's THE

8    BOILING CRAB restaurants.  Defendant serves precisely the same types of food as

9    Sinhdarella's THE BOILING CRAB restaurants.  Defendant's menu is the same color, size, and

10   offers many of the same items appearing in precisely the same order as they appear on

11   Sinhdarella's menu.  Defendant's restaurant mimics the interior décor of Sinhdarella's THE

12   BOILING CRAB restaurants.  Defendant even has the same hours of operation.

13           Sinhdarella submits that the "similarities" between Defendant's restaurant and

14   Sinhdarella's THE BOILING CRAB restaurants are so extensive that they could not possibly be

15   the result of anything other than intentional copying by the Defendant.  At the time Defendant

16   opened his restaurant, he must have been familiar with Sinhdarella's THE BOILING CRAB

17   restaurants and intentionally adopted the same name and trade dress for the purpose of

18   capitalizing on the extensive consumer goodwill that Sinhdarella has established throughout the

19   United States and in the Vietnamese-American community located across the country.  From

20   this, the Court should presume that Defendant can accomplish his purpose to confuse consumers.

21   *Entrepreneur*, 279 F.3d at 1148.  Hence, this factor also weighs heavily in favor of finding a

22   likelihood of confusion.

23           **Strength of the Plaintiff's Mark.**  As discussed, Sinhdarella's THE BOILING

24   CRAB mark is federally registered.  (De Vries Dec., Ex. A.)  Sinhdarella's registration is "prima

25   facie evidence of the validity of the registered mark and of the registration of the mark, of the

26   registrant's ownership of the mark, and of the registrant's exclusive right to use the registered

27   mark in commerce on or in connection with the goods or services specified in the registration."

28   15 U.S.C. § 1115(a).  In addition to the rights conferred by federal registration, Sinhdarella has

LATHAM&WATKINS┉┉
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

17

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1   used its THE BOILING CRAB trademark extensively in connection with its restaurants since at

2   least as early as 2004.  (Ngo Dec. at ¶¶ 3-13 & 16-26.)  It has received widespread, national

3   positive recognition and exposure from the media, including particularly widespread recognition

4   among the Vietnamese-American community throughout the United States.  (Ngo Dec. at ¶¶ 24-

5   26 & 30-31, Ex. S, T, U, V & W.)  As a result of its federal registration and the strength of its

6   common law mark, this factor also weighs in favor of finding a likelihood of confusion.

7   **Degree of Care Likely to be Exercised by Purchasers.**  "In assessing the

8   likelihood of confusion to the public, the standard used by the courts is the typical buyer

9   exercising ordinary caution.  Although the wholly indifferent may be excluded, the standard

10  includes the ignorant and the credulous.  When the buyer has expertise in the field, a higher

11  standard is proper though it will not preclude a finding that confusion is likely.  Similarly, when

12  the goods are expensive, the buyer can be expected to exercise greater care in his purchases;

13  again, though, confusion may still be likely."  *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 353

14  (9th Cir. 1979) (internal citations and quotations omitted).

15  The restaurant services at issue here are relatively inexpensive.  (*See* G. Nguyen,

16  Ex. D; *see also* Ngo Dec., Ex. A.)  Consequently, consumers are not likely to exercise a high

17  degree of care.  *Sleekcraft*, 599 F.2d at 353.  Moreover, the significant evidence that actual

18  consumers have already been confused by Defendant's emulation of Sinhdarella's THE

19  BOILING CRAB restaurants submitted with this Motion establishes that the degree of care

20  exercised by typical restaurant consumers will <u>not</u> alleviate the clear confusion caused by

21  Defendant's use of an identical name.  (*See* Customer Decs.)  Considering the relative cost of the

22  goods at issue and the substantial evidence of actual consumer confusion discussed above, this

23  factor also weighs in favor of finding a likelihood of confusion.

24  **Marketing Channels.**  "Convergent marketing channels increase the likelihood

25  of confusion."  *Sleekcraft*, 599 F.2d at 353.  Both Defendant's restaurant and Sinhdarella's THE

26  BOILING CRAB restaurants, like most restaurants, rely on word-of-mouth advertising.  In

27  addition, Sinhdarella's THE BOILING CRAB restaurants are widely known in the Vietnamese-

28  American community located throughout the United States.  (Ngo Dec. at ¶¶ 30-31, Ex. V & W.)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
ORANGE COUNTY

OC\926075.2

18

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

1   Defendant's restaurant apparently targets many of the same consumers.  (Customers Decs.)

2   Further, both restaurants have been extensively reviewed on the restaurant review site Yelp.com,

3   where Defendant's restaurant has received poor reviews (2.5 stars) compared to those received

4   by Sinhdarella's THE BOILING CRAB restaurants (4 stars).  (*Compare* Fossum Dec., Ex. A

5   *with* Fossum Dec., Ex. B.)  The similarities between the methods and channels of marketing used

6   by both Defendant and Sinhdarella can only serve to increase the likelihood of confusion.  This

7   factor too weighs in favor of finding a likelihood of confusion.

8        **Likelihood of Expansion.**  Likelihood of expansion is less relevant when the

9   marks operate on the same products or in the same markets.  *See Brookfield*, 174 F.3d at 1036

10  (noting that likelihood of expansion is "relatively unimportant" where two companies already

11  compete to a significant extent).  Sinhdarella operates THE BOILING CRAB restaurants

12  throughout California and nationally, and Defendant's restaurant and Sinhdarella's THE

13  BOILING CRAB restaurants cater to many of the same consumers.  (Customer Decs.)

14       Notwithstanding the obvious existing overlap in products and market, "[a] strong

15  likelihood that either party may expand his business to compete with the other favors a finding of

16  infringement."  *Official Airline Guides v. Goss*, 6 F.3d 1385, 1394 (9th Cir. 1993).  Since

17  opening the original THE BOILING CRAB restaurant, Sinhdarella has been expanding its chain

18  of restaurants throughout the United States.  THE BOILING CRAB chain of restaurants now has

19  three California locations, a location in Houston, Texas, and a location in Dallas, Texas that will

20  open soon.  (Ngo Dec. at ¶ 32.)  In addition, Sinhdarella is actively working to open additional

21  THE BOILING CRAB restaurants in San Jose, California; Seattle, Washington; and Richmond,

22  Virginia.  (Ngo Dec. at ¶ 28; S. Nguyen Dec. at ¶¶ 7-9.)

23       Notably, long before Defendant opened his infringing restaurant in San Jose,

24  Sinhdarella had actively explored opening a THE BOILING CRAB restaurant in San Jose and

25  had even actively searched for suitable locations.  (S. Nguyen Dec. at ¶¶ 2-4.)  Prior to and

26  during the same time that Defendant opened his restaurant in San Jose, Sinhdarella was working

27  with Giang Nguyen to open a THE BOILING CRAB restaurant in San Jose.  (S. Nguyen Dec. at

28  ¶¶ 2 & 5-7; G. Nguyen Dec. at ¶¶ 2-6.)  Mr. Nguyen's plans had advanced to the stage of

1   reviewing several potential lease sites in San Jose and entertaining offers to purchase existing

2   restaurants to convert to a THE BOILING CRAB restaurant.  (G. Nguyen Dec. at ¶ 6.)  Mr.

3   Nguyen actually moved to San Jose to pursue opening a San Jose THE BOILING CRAB

4   restaurant.  (*Id*.)  Unfortunately, Sinhdarella's plans to open a San Jose location were thwarted by

5   Defendant's infringement; Mr. Nguyen was unable to find another suitable location after several

6   months of searching and chose to move back to Texas and open the forthcoming Dallas THE

7   BOILING CRAB restaurant instead.  (*Id*. at ¶ 8.)  Nevertheless, Sinhdarella is still planning to

8   open a THE BOILING CRAB restaurant in San Jose.  (S. Nguyen Dec. at ¶ 8.)  On December

9   12, 2007, Sinh Nguyen and Dada Ngo flew up to San Jose to view a space that is available for

10  lease and are currently putting together a "Letter of Intent" for the landlord at the property.  (*Id*.)

11          The foregoing demonstrates more than a "strong likelihood" that Sinhdarella will

12  expand its business to compete even more proximately with Defendant's restaurant.  In the near

13  future, Sinhdarella expects to have a THE BOILING CRAB restaurant within miles of

14  Defendant's current location.  Thus, this factor too weighs heavily in favor of a finding of

15  likelihood of confusion.

16          **Summary of Facts.**  Because every factor weighs in favor of finding a likelihood

17  of confusion, Sinhdarella will certainly prevail on the merits of its trademark infringement claims

18  against Defendant under 15 U.S.C. § 1114 and 1125 and California law.  Hence, Sinhdarella is

19  being irreparably harmed by Defendant's infringement and is entitled to preliminary injunctive

20  relief.  *See Nautilus Group*, 372 F.3d at 1334 (irreparable injury to the plaintiff may be presumed

21  upon a showing of likelihood of confusion).

22      **C.    The Balance of the Hardships Tips Sharply in Sinhdarella's Favor**

23          Sinhdarella's founders and sole owners, Dada Ngo and Sinh Nguyen, are hard

24  working middle-class entrepreneurs who have quite literally devoted their entire lives to making

25  Sinhdarella and its chain of THE BOILING CRAB restaurants a success.  Through their hard

26  work and dedication over the past several years, they have grown their business from a single

27  location in California to multiple locations throughout California and Texas, with many more on

28  the way.  They have gone to considerable effort to establish and promote their brand throughout

1  the United States and have had the good fortune of widespread media attention reaching across

2  the United States from as far back as 2005.

3         Defendant's infringement threatens all that Dada and Sinh have worked so hard to

4  establish.  They have suffered significant injury as a result of Defendant's willful and intentional

5  infringement of Sinhdarella's THE BOILING CRAB trademark and trade dress, including as the

6  result of lost customers and business opportunities.  As least in part because of the sub-par

7  quality of Defendant's food and service, the confusion caused by Defendant's willful

8  infringement of Sinhdarella's THE BOILING CRAB trademark and trade dress has also caused

9  significant injury to the otherwise impeccable reputation of Sinhdarella's THE BOILING CRAB

10  chain of restaurants, including by virtue of negative reviews written about Defendant's infringing

11  "The Boiling Crab" restaurant.

12         If Defendant's infringement continues unchecked, the damage to Sinhdarella's

13  THE BOILING CRAB trademark and restaurants will be irreversible.  More importantly,

14  Sinhdarella may be unable to obtain *any* compensation from Defendant if it prevails on its claims

15  at trial.  Defendant has essentially stated that he is, or intends to make himself, judgment-proof

16  and that perhaps he will leave the country should Sinhdarella obtain a sizable judgment against

17  him.  (De Vries Dec. at ¶ 13.)  For all of the foregoing reasons, the balance of the hardships tips

18  decidedly in Sinhdarella's favor.  Hence, for this reason as well, Sinhdarella is entitled to

19  preliminary injunctive relief.

20  **V.     REQUEST FOR RELIEF**

21         In light of all the foregoing, Sinhdarella requests that the Court enter an Order

22  preliminarily enjoining Defendant from operating any restaurant under the name THE BOILING

23  CRAB or any confusingly similar name, including but not limited to "The Boiling Crawfish,"

24  during the pendency of this action.  As noted above, Defendant has demonstrated an intent to

25  attempt to adopt a name that is similar to Sinhdarella's THE BOILING CRAB trademark if

26  forced to cease using the identical name that he is currently using.  Sinhdarella respectfully

27  submits that Defendant's purpose for employing this extremely similar name (and potentially

28  other similar names) is to improperly maintain a connection to Sinhdarella's THE BOILING

1   CRAB trademark and thereby continue to misappropriate Sinhdarella's consumer goodwill and

2   cause consumer confusion.  Courts have established the "Safe Distance Rule" to prohibit

3   precisely this type of end-run around injunctive relief that Sinhdarella expects from Defendant:

4            "It appears, however, that defendants have attempted to retain the
         goodwill they have appropriated by the use of plaintiff's name,

5            through the use of a name which, while perhaps not confusingly
         similar, is so reminiscent of the plaintiff's that it continues to

6            accord the defendants some of the same unfair advantage they have
         previously enjoyed. This they may not do."

7

8           *Chevron Chemical Co. v. Voluntary Purchasing Groups, Inc.*, 659 F.2d 695 (5th

9   Cir. 1981).

10          For this reason, Sinhdarella requests that Defendant be preliminarily enjoined

11  from using the confusingly similar name "The Boiling Crawfish" or any other name that is likely

12  to cause confusion with Sinhdarella's THE BOILING CRAB trademark.  Fashioning injunctive

13  relief in this manner is necessary to protect Sinhdarella from Defendant's continuing trademark

14  infringement during the pendency of this action and does not present any hardship to Defendant

15  as he cannot establish that he has any legitimate interest adopting the name "The Boiling

16  Crawfish" or any other confusingly similar name.

17

18  Dated:  December 28, 2007                          LATHAM & WATKINS LLP

19

20                                                     By _____

21                                                     Andrew Fossum, Esq.

22                                                     Attorneys for Plaintiff
                                                       SINHDARELLA, INC.

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
ORANGE COUNTY
OC\926075.2

22

MOTION FOR PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS AND AUTHORITIES

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to this action. My business address is Latham & Watkins LLP, 650 Town Center Drive, 20th Floor, Costa Mesa, CA 92626-1925.

On **December 28, 2007**, I served the following document described as:

**PLAINTIFF SINHDARELLA, INC.'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES**

by serving a true copy of the above-described document in the following manner:

**BY U.S. MAIL**

I am familiar with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service. Under that practice, documents are deposited with the Latham & Watkins LLP personnel responsible for depositing documents with the United States Postal Service; such documents are delivered to the United States Postal Service on that same day in the ordinary course of business, with postage thereon fully prepaid. I deposited in Latham & Watkins LLP' interoffice mail a sealed envelope or package containing the above-described document and addressed as set forth below in accordance with the office practice of Latham & Watkins LLP for collecting and processing documents for mailing with the United States Postal Service:

Christopher Hays, Esq.
Law Offices of Christopher Hays
One Embarcadero Center, Suite 500
San Francisco, California 94111

Attorneys for Defendant
Kevin Vu

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **December 28, 2007**, at Costa Mesa, California.

_____
Pamela J. Carvalho